## Riss v. Wollet, Executor

*John R. Bonner*, for plaintiff.

*Robert J. Wollet*, executor, p. p.

*William E. Nichols*, for intervenors.

RAUP, J., January 8, 1975.—This matter is before the court on the petition of Millie Pscloka, et al., to intervene as parties defendant in the above-captioned matter. Petitioners constitute 23 of the 26 heirs of the Estate of Michael J. Maggio, deceased, and they contend that they may intervene as of right because the action involves a determination of the extent of their inheritance as residuary heirs of the Maggio Estate.

The action involves a claim by Anona Riss for the value of her services to decedent during the last ten years of his life. The asserted claim is for $92,950.

Plaintiff opposes the intervention on two grounds: First, that the interest of petitioners is already adequately represented by defendant, the executor of the estate; and, secondly, that petitioner has unduly delayed in making application for intervention and that the intervention will unduly delay, embarrass or prejudice the trial for adjudication of the rights of plaintiff. With respect to the second ground for objection, plaintiff contends more specifically that the case is scheduled to be tried by jury during the week of September 16, 1974, after having been twice on the trial list before and having been continued on the last occasion over objection of plaintiff. Plaintiff contends that to permit the intervention would delay the trial at least until November and probably until January of 1975; that it would subject plaintiff to the expense of extensive pretrial discovery upon which the interveners state they intend to embark; and that, most importantly, the proposed answer which the interveners would file asserts the defense of the statute of limitations, a defense which might affect a number of years of plaintiff's claim and a defense which defendant-executor himself did not raise.

The original defendant favors the intervention, principally because he does not see an identity of interest between himself as executor of the estate and the individual interest of the heirs; he does not consider himself to be an advocate of the interests of individual heirs, but, instead, feels that the executor has a responsibility which involves the exercise of judgment in resolving disputes such as this which might affect the administration of the estate.

The interveners contend that not only is there a definite difference in the interests of the executor and of the individual heirs petitioning, but they also assert

that the petition was timely filed under the circumstances and that no prejudice could result to plaintiff as a result of the intervention. With regard to the delay issue, petitioners contend that the estate is composed of non-liquid assets and that before any eventual judgment rendered to plaintiff could be paid, she would have to wait until the first and final account has been filed, which will not occur for a substantial period of time. The principal asset of the estate is a large tract of land which, according to the testimony presented in support of the petition, will not be an easy property to sell. Petitioners contend, and their contention is supported by the testimony of the executor, that they did not learn that the executor was considering settling the claim of Anona Riss until sometime in June 1974. They organized, hired counsel and filed the petition to intervene on July 30, 1974. The original complaint had been filed on June 21, 1973, and the inventory and statement of debts and deductions (which contain a notation of the Anona Riss claim but which was not delivered to the individual heirs) had been filed in September of 1973.

Plaintiff further contends that his client is elderly, in her late sixties, and that several witnesses who will be called by plaintiff are in their later years and that, therefore, a delay in the trial might cause difficulties in presenting proof.

The issues presented to the court are these: (1) Is the interest of petitioners in the subject matter of this litigation such that intervention as of right is required? (2) Is the interest of petitioners already represented by the executor of the estate? (3) Have petitioners unduly delayed in filing the application to intervene? (4) Will the intervention unduly delay, embarrass or prejudice the trial of the rights of plaintiff?

Petitioners could be adversely affected by the outcome of this case because of their position as residuary heirs of the Estate of Michael J. Maggio. Plaintiff's claim, if successful, would substantially deplete the estate which would be adverse to the interests of petitioners. See Frey's Estate 237 Pa. 269 (1912).

Plaintiff contends that the interest of petitioners is already represented by the executor of the estate. As noted above, the executor feels he has a responsibility to exercise his judgment in resolving disputes which affect the administration of the estate. The court considers that the executor's responsibilities are such that he does not have an identity of interest with petitioners. See Stroud v. Harper, 81 D. & C. 233 (1950).

Plaintiff also contends that petitioners have unduly delayed in filing their application to intervene. As noted before, petitioners were not aware of the possible settlement of the claim until June 1974 and at that time organized and retained counsel. Their petition was filed on July 30, 1974. The filing was reasonably prompt under the circumstances.

If the petition is granted, the trial of this matter will be delayed, and this involves potential expenses and prejudice to plaintiff. However, the court is mindful that plaintiff may preserve testimony through depositions; further, the delay in trial would apparently not delay collection of any award, as the estate cannot be settled for some time. The possible prejudice to plaintiff must be weighed against the more paramount consideration that the rights of all parties in interest be fully represented at the trial.

The fact that a possible defense, arguably waived by defendant, might be raised by petitioners, will not be considered by the court in rendering this decision.

The petition to intervene will be granted.

This opinion is filed in support of the order dated September 6, 1974.