443 A.2d 349

**In re ESTATE OF Thomas PITONE, a/k/a Thomas J. Pitone, Deceased.**

**Appeal of Rose GRECO.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1981.

Filed March 19, 1982.

Mark D. Caswell, Philadelphia, for appellant.

Robert B. Ely, III, Radnor, for participating party.

Before SPAETH, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from the Order of the Orphans' Court of Delaware County denying appellant's, Rose Greco's, "Petition for Reconsideration". Appellant argues that she is entitled to the relief requested on the basis of after-discovered evidence. We disagree and, accordingly, affirm the Order of the lower court.

Before reaching the merits of the appellant's claim, we need to address appellees' contention [1] that, "[e]xcept as to the question of *costs and counsel fees* allowable to the Appellees for contesting this unwarranted appeal, this Court

1. By so doing, we reject appellant's argument that the jurisdictional issue is waived because appellees failed to raise such point in their prior Motion to Quash (which was denied by this Court on March 9, 1981), or, alternatively, that the denial of said Motion "was on the merits as presented to the Court by the parties and therefore was decided with prejudice." (*See* "Reply Brief of Rose Greco, Appellant," at 6) Before leaving the question posed, we need to mention that since appellees' Motion was denied on the ground of being prematurely filed, and from the record before us we cannot agree with the appellant that it was entered *with prejudice*, the merits of the allegations therein were not ruled upon. Consequently, appellees are not precluded from raising such issue, with its attendant allegations, at this stage of the proceedings.

has *no jurisdiction in this matter.*" (Emphasis in original) (Appellees' Brief at 1) According to appellees, what makes this clear is the consideration of: 1) appellant's unsuccessful appeal to the Supreme Court of Pennsylvania (*see In re Estate of Pitone*, 489 Pa. 60, 413 A.2d 1012 (1980)); and 2) the Supreme Court's denial of appellant's petition for reargument. The aforegoing points, appellees' urge, are to be viewed in the context of 42 Pa.C.S.A. §§ 706 and 742, both of which took effect after the case was appealed. Moreover, appellees assert that the savings clause appearing immediately after Section 706, having perpetuated the jurisdiction of any court over any order pending before it as of the effective date of the statute [June 27, 1978], had the effect of preserving the Supreme Court's jurisdiction over the instant litigation, which was commenced on March 20, 1978, until "*a final determination in such court, which court shall have continuing jurisdiction over such matter, including jurisdiction on remand following any appellate review of any order entered in such matter, whether such appellate review was had before or after the effective date of this act.*" [2]

Appellees would have us interpret the italicized verbiage to encompass the present appeal, so as to foreclose this

**2.** Section 706, and the relevant portion of the savings clause therein, reads:

"An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.

1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978. Pending Actions and Proceedings—Effect of Jurisdictional changes *Section 8 of Act 1976, July 9, P.L. 586, No. 142, generally effective June 27, 1978, provides as follows:*

'*(a) Except as otherwise provided in this section, no appeal or other matter pending in any court on the effective date of this act shall be affected by the provisions of this act changing the jurisdiction of courts, and all such matters shall proceed to a final determination in such court, which court shall have continuing jurisdiction over such matter, including jurisdiction on remand following any appellate review of any order entered in such matter, whether such appellate review was had before or after the effective date of this act.*' "

164

Court from reviewing appellant's claim. We find such argument to be disingenuous.

Initially, we note that Section 742 of the Judicial Code vests the Superior Court with exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas.[3] This jurisdictional provision is substantially a reenactment of the jurisdictional provision provided in the *Appellate Court Jurisdiction Act of 1970*; Act of July 31, 1970 (No. 223), § 302, 17 P.S. § 211.302.[4] Next, as appellees correctly state, prior to the amendments to the Judicial Code, the Supreme Court had exclusive jurisdiction of appeals in Orphans' Court matters generally, under Section 202(3) of the *Appellate Court Jurisdiction Act*, Act of July 31, 1970, P.L. 673, No. 223, Art. II, 17 P.S. § 211.202(3) (Supp.1978), since superseded by Section 722 of the Judicial Code, 42 Pa.C.S.A. § 722 (eff. June 27, 1978). However, we find that neither the exception in Section 742 (which precludes the Superior Court from deciding cases "as are by any provision of ... [C]hapter [7] within the exclusive jurisdiction of the Supreme Court ...") nor the savings clause in Section 706 is sufficient to create *continuing jurisdiction* in the Supreme Court over a dispute that, albeit initially filed with it, has been ruled upon and the complaining party's petition for reargument denied.

Under the savings clause of Section 706, subsection (a), any matter *pending* in a court as of June 27, 1978, is to

**3.** Section 742 reads:
   "The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.
   1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978."

**4.** Section 211.302 of said Act provided:
   "The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any section of this act within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court."

proceed to *final determination* in such court, and such continuing jurisdiction embraces a remand to the lower court.

■ Procedurally, appellant appealed to the Supreme Court on March 20, 1978. After the entry of a "Judgment" by the Supreme Court on March 20, 1980, affirming in part and reversing in part the lower court's decrees, the appellant filed an application for reargument (*see* Pa.R.App.P. 2541 *et seq.*), which was denied on May 28, 1980. It is important to note that appellant took no further action in regard to the denial of her petition for reargument, i.e., the filing of a stay pending review in the Supreme Court of the United States. Pa.R.App.P. 2572(c). Thereafter, the record was remanded and appellant filed a petition to reopen her case. Pursuant thereto, a hearing was held, the relief sought was denied and an appeal to this Court was perfected. Appellees now urge us to quash or to dismiss the appeal on the basis that we lack jurisdiction. Further, appellees aver that the Supreme Court is the appropriate tribunal before whom this matter should be litigated, for by virtue of appellant having filed her initial appeal with our high Court, the savings clause appearing in Section 706 renders the present action as one still *pending* before it. We disagree.

Pendency, in practice, has been said to be " 'the state of an undetermined proceeding'." *School District of Robinson Township v. Houghton*, 387 Pa. 236, 241, 128 A.2d 58, 60 (1956). Black's Law Dictionary, 5th Ed., p. 1021, defines the term as "an action or suit . . . from its inception until the rendition of final judgment." Instantly, we see that after the Supreme Court denied appellant's petition for reargument, it remanded the record to the lower court and accompanied such remand with the entry of a "Judgment". Given such facts, it is to be noted that the Supreme Court abstained from returning the record "merely for amplification or more specific findings of fact upon questions submitted by the [appellant]." *Groner v. Board of Public Education of City (School Dist.) of Pittsburgh*, 152 Pa.Super. 381, 384, 33 A.2d 271, 273 (1943). Thus, we find that the "Judgment" of the appellate Court became *final* when appellant's petition

for reargument was denied (Pa.R.App.P. 2572), which, in effect, rendered the case no longer *pending* for purposes of the savings clause appearing at Section 706. Consequently, when appellant appealed the lower court's November 14, 1980 Order denying her petition for reconsideration, which appeal is separate and distinct from the preceding appellate action, Section 742 was triggered and vested jurisdiction in this Court to hear the matter.

As for appellant's claim that the lower court erred in denying her petition to reopen the case on the basis of after-discovered evidence (which consisted of the *original* bank card bearing the decedent's signature that opened a joint account with the appellant), we conclude that the lower court was correct, in responding to said claim, by entering the following order:

> "AND NOW, to wit, this 14th day of November, A.D., 1980, upon consideration of the instant petition requesting reconsideration of the case on grounds of after-discovered evidence, and the briefs filed in support of the hearing on the issue of October 28, 1980, it is hereby ORDERED and DECREED that the aforesaid evidence was presented to the Supreme Court of Pennsylvania on appeal, No. 129 of 1978, and that said evidence was properly considered by the Court at that time, and is therefore res judicata. For the foregoing reason, Petition for Reconsideration is DISMISSED.
>
> BY THE COURT:<br>/s/<u>Francis J. Catania</u><br>P. J."

Based on the aforesaid, we find appellant's averment to be without merit and not warranting the relief requested. Therefore, we affirm the Order of the lower court.[5]

SPAETH and MONTGOMERY, JJ., concurred in the result.

---

**5.** Appellees have argued that they are entitled to their costs of filing and printing and attorney's fees. The former request is premised upon Pa.R.App.P. 2741(1), while the latter is predicated upon 42 Pa.C.S.A. §§ 1726 and 2503. Rule 2741(1) reads: "If an appeal or other matter is *dismissed*, costs shall be taxed against the appellant

or other moving party in the appellate court unless otherwise agreed
by the parties or ordered by the court." (Emphasis added) Since we
have determined that the case *will not be dismissed*, appellees' cited
authority is inapposite. Notwithstanding such fact, we observe that
when an order is affirmed, as is the case here, "costs shall be taxed
against the appellant unless otherwise ordered." Pa.R.App.P.
2741(2). Additionally, the expenses incurred by a party in regard to
the *cost of printing* is adequately dealt with in Pa.R.App.P. 2742, and
needs no further amplification.

We now turn our attention to appellees' contention that we award
them reasonable counsel fees as part of the taxable costs, citing
Section 2503(7) & (9), 42 Pa.C.S.A. § 2503(7) & (9), which provides:

"The following participants shall be entitled to a reasonable coun-
sel fee as part of the taxable costs of the matter:

\* \* \* \* \* \*

(7) Any participant who is awarded counsel fees as a sanction
against another participant for dilatory, obdurate or vexatious
conduct during the pendency of a matter.

\* \* \* \* \* \*

(9) Any participant who is awarded counsel fees because the
conduct of another party in commencing the matter or otherwise
was arbitrary, vexatious or in bad faith. . . ."

Appellees claim that the following actions are indicative of appel-
lant's vexatious behavior:

1) Appellant's acceptance of the executorship of decedent's estate,
while at the same time claiming the entire fund in controversy
(consisting of $30,000.00) for herself;

2) Improper use of estate funds for personal use;

3) Misapplication of insurance proceeds;

4) Failure to invest estate assests; and

5) Delays in accounting and distribution.

(Appellees' Brief at 22–25) However, we find this claim to have
been waived by appellees' failure to preserve it in the lower court.
*First Pennsylvania Savings Association v. Four Seasons Racquet
Club, Inc.*, 287 Pa.Super. 180, 185 n.5, 429 A.2d 1160, 1162 n.5 (1981).