446 A.2d 621

**In the Interest of JOHN W., A Minor.**

**Appeal of JOHN W.**

**In the Interest of ROLAND H., A Minor.**

**Appeal of ROLAND H.**

Superior Court of Pennsylvania.

Argued June 24, 1981.

Filed June 4, 1982.

294

Robert G. Schwartz, Philadelphia, for appellants.

Nancy D. Wasser, Assistant District Attorney, for Commonwealth, participating party.

Before HESTER, CAVANAUGH and DiSALLE, JJ.

HESTER, Judge:

These appeals are taken from the September 17, 1980 Orders entered in the Philadelphia Court of Common Pleas and denying the appellants' application for the expungement of their juvenile records. We reverse and remand for a hearing on the issue of whether the Commonwealth's interest in maintaining the records is greater than the appellants' interest in having them expunged.

At the age of 18, the appellant, John W., was charged with theft, brought before the Philadelphia Juvenile Court on June 22, 1979 and placed on consent decree probation. John W's probationary period expired on December 22, 1979; on February 5, 1980, he filed an application to expunge the arrest and court records.

Appellant, Roland H., was 17 years old when he appeared before the Philadelphia Juvenile Court for an alleged auto theft and related charges. He was placed on six months probation in accordance with the entry of a consent decree. The probation period expired on December 5, 1979, and on February 21, 1980, he filed an application to expunge as well.

A hearing for both applications was held on September 17, 1980, at which time Orders denying expungement were entered. These appeals followed; they were consolidated by Order of the Pennsylvania Superior Court, dated January 12, 1981.

We must first resolve whether the Criminal History Record Information Act (CHRIA), 18 Pa.C.S.A. § 9101 *et seq.*, is applicable to this appeal. Prior to the enactment of CHRIA,

the decision whether to expunge juvenile records was arrived at solely after a delicate balancing of the Commonwealth's interest in preserving the records and the individual's interest in avoiding the myriad disadvantages of living with a juvenile record. See *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976); *Commonwealth v. Briley*, 278 Pa.Super. 363, 420 A.2d 582 (1980); *Commonwealth v. Welford*, 279 Pa.Super. 300, 420 A.2d 1344 (1980). Unless upon cause shown, § 9123 of CHRIA renders mandatory the expungement of juvenile records where (1) a complaint is not substantiated or the petition filed as a result of the complaint is dismissed other than via an informal adjustment; (2) 5 years lapsed since final disposition or discharge without further criminal incident; or (3) the individual is 21 years of age or older and a court orders expungement.

CHRIA became effective January 1, 1980; both applications for expungement were filed by the appellants a little later in 1980. Appellants argue that the date of the filing of the application is not determinative; rather, they insist that the time of entry of the consent decree determines whether CHRIA is applicable. The dates of the various stages of the juvenile proceedings do not concern us. Even if the applications to expunge were filed prior to the effective date of CHRIA, the statute would still apply, providing such retroactive application was not violative of ex post facto principles.

Ex post facto laws were delineated in the early decision of *Calder v. Bull*, 3 U.S. 386, 3 Dall 386, 1 L.Ed. 648 (1798). An ex post facto law can take several forms. It is one which makes an act, committed before passage of the law and which was innocent when committed, a criminal offense; one that makes a crime greater than when committed; one that inflicts greater punishment than that fixed by the law when the crime was committed; or, finally, one that alters legal rules of evidence and receives less or different testimony than the evidentiary rules required when the crime was committed. § 9123 of CHRIA does not fall within the parameters of any one of these ex post facto categories formulated by *Calder*, supra. It does not alter the degree

and form of punishment; it does not create new or greater criminal offense categories for acts committed prior to its enactment; and it does not affect evidentiary rules. In short, it does not alter a petitioner's position to his disadvantage. CHRIA is an attempt to settle the rift created by years of applying a balance of interest test to expungement issues. It gives the petitioner a near automatic right to expungement where none existed before.

■ Since it has been determined that CHRIA's application to the appellants' expungement hearing is not violative of ex post facto safeguards, it must be determined whether the juvenile petitions filed against the appellants for their alleged criminal activity were dismissed. If they were dismissed other than as a result of an informal adjustment, and the appellee could not show cause for retention of the records, expungement shall be ordered. The appellee contends that the entry of a consent decree did not dismiss the petition; rather, the petition was simply held inactive for an indefinite period. We do not agree that consent decrees have such an effect. A consent decree binds parties with the same effect as a final decree issued after a full hearing on the merits. *Zampetti v. Cavanaugh*, 406 Pa. 259, 176 A.2d 906 (1962); *Commonwealth v. United States Steel Corporation*, 15 Pa. Commonwealth 184, 325 A.2d 324 (1974); *Baran v. Baran*, 166 Pa.Super. 532, 72 A.2d 623 (1950). Even though consent decrees are arrived at through negotiation and settlement, it does not alter the court's power to enforce the decrees. *Calantzis v. Collins*, 440 Pa. 354, 269 A.2d 655 (1970).

■ We recognize that a juvenile petition may be processed further should the individual violate any conditions of his consent decree probation; and, arguably, the petition may not be dismissed until the probationary period expires. But, where the application for expungement is filed after the juvenile completes probation without criminal incident, the petition is unarguably dismissed. This latter circumstance is reflective of the case before us.

Whether the dismissal of the petition through a consent decree and completion of probation is an informal adjust-

ment, can be resolved by a simple perusal of the Juvenile Act itself. § 6323 of 42 Pa.C.S.A. indicates that an informal adjustment occurs *before* the filing of a petition, and where the probation officers refer a dependent or delinquent child to any public or private social agency available for assisting in the matter. Conversely, a consent decree is entered *after* the filing of a petition and before the entry of an adjudication order, and places the child on probation for a specified period of time. 42 Pa.C.S.A. § 6340. A consent decree, by definition, is not the equivalent of an informal adjustment.

We conclude, then, that the petitions filed against both appellants were dismissed by the entry of consent decrees and the completion of the probationary period without violation. Having met the standards of 18 Pa.C.S.A. § 9123(a)(1), an expungement of juvenile arrest and court records shall be ordered *unless* upon cause shown to the contrary. We must determine, therefore, whether the appellee demonstrated sufficient cause for an order denying expungement.

In *Commonwealth v. Briley*, supra, the petitioner's arrest record was expunged after he successfully completed probation as a condition of Accelerated Rehabilitative Disposition. The *Briley* court held that the balancing of the Commonwealth's interest with the petitioner's dictates a consideration of the (1) strength of the Commonwealth's case; (2) Commonwealth's reasons for retaining the records; (3) type of offense; (4) defendant's age and history of employment, criminal activity, drug or alcohol problems; and (5) adverse consequences that petitioner may suffer. The Court concluded that in light of the successful completion of the ARD program and the dismissal of the charges prior to the filing of the application to expunge, the Commonwealth carried the burden of justifying the retention of the criminal records, a task it did not successfully complete. The petitioner in *Briley*, supra, fortified his case for expungement by introducing evidence of the passing of 5 years since the arrest, the absence of a prior criminal record and premeditated activity, and the infliction of no serious harm.

The Supreme Court, in the recent decision of *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981) viewed a juvenile consent decree in the same fashion as ARD was viewed by the *Briley* court so that completion of consent decree probation shifted the burden to the Commonwealth for showing cause why the arrest record should remain on file. In fact, the Supreme Court considered the placement in an ARD or consent decree program as not much different than a jury's acquittal. Pennsylvania did not carry its burden in *Wexler*, supra, and the Court was impressed with the petitioner's clean record for 4 years preceding the expungement hearing, the absence of a prior criminal record, her completion of the probation at an earlier stage and her steady employment as a cashier.

We do not know the interests that can be proposed by both appellants and the appellee. The lower court did not conduct a balancing test; it denied the applications for expungement simply because it ruled that a consent decree was an informal adjustment. We reversed that order and remand for a hearing on whether the appellee can show cause why the records should not be expunged under 18 Pa.C.S.A. § 9123. Jurisdiction is not retained.

DiSALLE, J., did not participate in the consideration or decision of this case.