451 A.2d 511

INRYCO INC.

v.

HELMARK STEEL INC., Falcon Steel Company Inc. and Federal Insurance Company

v.

SAFECO INSURANCE COMPANY OF AMERICA.

Appeal of CAUDILL, ROWLETT, SCOTT AND C.M. ASSOCIATES, INC.

Superior Court of Pennsylvania.

Argued March 30, 1982.

Filed Oct. 1, 1982.

Richard Ford Wells, Philadelphia, for appellants.

Gene E.K. Pratter, Philadelphia, for appellees.

Before WIEAND, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the court below which denied a petition filed by appellants, Caudill, Rowlett, Scott and C.M. Associates, Inc. "TO INTERVENE AND RE-QUEST RESCISSION OR MODIFICATION OF THE COURT OF COMMON PLEAS OF DECEMBER 16, 1980". We must quash the appeal because it is interlocutory.

The facts in the instant case were set forth succinctly by the trial court and are as follows:

This litigation arises in the context of a claim by appellee-respondent, Inryco, Inc., for damages sustained during its participation in the Wyoming Valley West High School construction project. Litigation in the Philadelphia Court of Common Pleas between the respondent and its subcontractor on the project, Helmark Steel, Inc., was previously settled.

The disputes in this settled litigation came to trial before Judge Victor DiNubile in September, 1980. Prior to commencement of trial and thereafter, Judge DiNubile was involved in supervising settlement negotiations among the parties. The matter was finally resolved, with court approval, prior to the conclusion of trial.

An integral part of the judicially supervised settlement was the embodiment of the parties' agreement, in a court order, that the entire record of the case be placed under seal and that all documents and deposition transcripts provided or received in the course of discovery be deemed "proprietary and confidential." The order, the terms of which were evaluated and approved by Judge DiNubile, was signed by Judge Stanley M. Greenberg on December 16, 1980, providing, in pertinent part:[1]

"3. The entire record of this case is hereby placed under seal.

1. Judge DiNubile became unavailable sometime after the conclusion of the settlement negotiations, but before the court's issuance of the final Order. He explained the circumstances of the case to Judge Greenberg and asked that he approve the stipulation and sign the order in connection with the settlement.

4. All documents filed of record in this case, all documents provided or received in the course of discovery by any party in this action and all transcripts of depositions taken in this action shall be deemed to have been designated as proprietary and confidential, pursuant to the Stipulation and Confidentiality Order heretofore agreed to by the parties hereto on August 1, 1979 and September 2, 1980, which Stipulation and Confidentiality Orders shall continue in full force and effect, and all parties in this case shall continue to be bound by such Stipulation and Confidentiality Orders...."

The case at bar is only one of several actions that arose from the construction of the Wyoming Valley West High School. Another such suit, *Inryco, Inc. v. Wyoming Valley West School District, et al.,* Civil Action No. 80–0232 (hereinafter "the District Court action"), is presently in the United States District Court for the Middle District of Pennsylvania.[2]

Petitioners-appellants were not parties in the instant captioned matter. However, as defendants in the District Court action, they alleged that the aforesaid order denied them the opportunity to review the Court of Common Pleas record and discover documents obtained therein. They contended that the purpose of the stipulation and confidentiality order entered pursuant to it was to interfere with discovery in the federal action, and that if the order is not rescinded or modified so as to permit them to review the record in the Philadelphia action, they will be significantly prejudiced in the presentation of their defense to the claims of respondent, Inryco, Inc., in the District Court action.

The court denied appellants' petition on June 24, 1981, and this appeal followed.

2. There is some dispute as to the exact nature and relationship of the herein captioned matter and the District Court action. Petitioners assert that the Common Pleas and District Court actions encompass identical questions of law and fact. Respondent contends otherwise. We do not find it necessary, or helpful to the resolution of the presented petition and answer, to resolve this dispute.

Appellants first argue that the order appealed is a final one because "the practical effect of the June 24, 1981, order is to put CRS and CM 'out of court' ". Brief for Appellants at 7. We cannot agree.

The legal standards which we must apply when examining whether an issue is interlocutory have been articulated according to the following:

"Often, in deciding to quash an appeal as interlocutory, we do not consider the merits of the case. If, for example, we find that an appeal is from an order dismissing exceptions, instead of from a judgment entered on the docket, we look no further. *Penstan Supply, Inc. v. Hay,* 283 Pa.Superior Ct. 558, 424 A.2d 950 (1981). It would be pointless in such a case to consider the merits. We are a court of limited jurisdiction, and unless a case is within our jurisdiction we have no power to decide it, no matter how compelling its merits might be. *Toll v. Toll,* 293 Pa.Superior Ct. 549, 439 A.2d 712 (1981).

Sometimes, however, the decision whether to quash an appeal is intertwined with a consideration of the merits, for '[t]he finality of an order is a judicial conclusion which can be reached only after examination of its ramifications.' *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975). This is especially so when the appeal is from an order denying a petition to intervene.

['][A]s a rule, an appeal will not lie from an order refusing leave to intervene, because such an order is not a final one, [but] cases may arise where a denial of a petition to intervene would be a practical denial of relief *to which the petitioner for intervention is entitled and can obtain in no other way; and in such cases the refusal to permit an intervention is a final order or decree as to the petitioner. Frey's Estate,* 237 Pa. 269, 271, 85 A. 147, 148 (1912) (citations omitted).[']

Unless we consider the merits—or 'ramifications'—of a case, we cannot tell whether an order denying a petition to intervene is 'a practical denial of relief to which the

petitioner for intervention is entitled.' *See, e.g., Taub v. Merriam,* 251 Pa.Superior Ct. 572, 380 A.2d 1245 (1977) (deciding appeal); *Richard Held Builders, Inc. v. A.G. Allebach, Inc.,* 266 Pa.Superior Ct. 101, 403 A.2d 113 (1979) (quashing appeal).[1]

---

[1] In federal practice the appealability of an order denying intervention is stated in a manner similar to the rule of *Frey's Estate, supra.* This approach has been criticized as 'a fictional barrier insofar as it pretends to restrict appellate jurisdiction. Since the rule makes the initial question of jurisdiction turn on the merits of the question being raised, *i.e.,* whether intervention was of right or invoked the sound discretion of the trial court, as a practical matter the appellate court must decide the merits whether it dismisses the appeal, affirms, or reverses.' 3B Moore's Federal Practice ¶ 24.15, at 564–65 (2d ed. 1976) (citations omitted). It has therefore been argued that all denials of intervention should be regarded as final orders. *Id.;* Shapiro, *Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators,* 81 Harv.L.Rev. 721, 748–51 (1968)."

*Boise Cascade Corporation v. East Stroudsburg Savings Association,* 300 Pa.Super. 279, 282, 446 A.2d 614, 615 (1982) (Emphasis added.)

█  When the above criteria are applied to the facts of the instant case, we must conclude that the order of the court below denying appellants' petition to intervene did not constitute "a practical denial of relief" to which appellants are *entitled. Id.* Under the Federal Rules of Civil Procedure, appellants are entitled to conduct discovery. *See* F.R.Civ.P. 26. Additionally, even the trial court stated its order was "without prejudice to Petitioners' right to re-apply to the Court on the basis that a particular witness's deposition or a particular document included in the sealed record would not be otherwise available." Record at # 12. Thus, because appellants have other remedies available to them, *i.e.,* discovery in the federal courts and the right to re-apply to the state courts, appellants are not denied the relief they seek. *See Richard Held Builders v. A.G. Allebach,* 266 Pa.Super. 101, 403 A.2d 113 (1979); *Boise Cascade Corporation v. East Stroudsburg Savings Association,* 300 Pa.Super. at 281, 446 A.2d at 615 ("refusal to permit an intervention is a final order or decree as to the petitioner" where the denial of relief *"can obtain in no other way"*).

■ It appears that appellants rely heavily on the assertion that because the order of the Court of Common Pleas of Philadelphia County denied them immediate relief in that court, the petition therefore was final as to them. This is an interesting legal argument because appellants, in effect, have attempted to create a final order by filing a petition and then appealing the court's denial of that petition after a final order had been entered. In the proceedings below, appellants were not parties to the original action which formed the basis of the instant appeal. The parties reached a settlement, and it was not until after a settlement was negotiated that appellants sought to invoke the court's jurisdiction via a petition to intervene and rescind or modify the court's order. At this point in the litigation, intervention was not proper.

We have said that a person not a party to the lawsuit may intervene *"[a]t any time during the pendency of an action."* Pa.R.C.P. 2327 (Emphasis added). Because a settlement decree "binds parties with the same effect as a final decree issued after a full hearing on the merits", the case was not pending when appellants filed their petition. *Appeal of John,* 300 Pa.Super. 293, 297, 446 A.2d 621, 623 (1982); *See also In re Estate of Pitone,* 297 Pa.Super. 161, 165, 443 A.2d 349, 352 (1982) ("Pending . . . [means] 'an action or suit . . . from its inception until the rendition of final judgment.").[3]

Appeal quashed.

McEWEN, J., concurs in the result.

WIEAND, J., files a concurring and dissenting opinion.

**3.** In view of our disposition, we need not address the other issues appellant raises: (1) whether the trial court abused its discretion when it sealed the entire court record based solely upon the wishes of the parties to the litigation and when it denied appellants petition to intervene; and (2) whether the trial court had the power to modify or rescind its sealing order. Additionally, appellees argue that "there is no current justifiable dispute between or among the parties to this appeal concerning discovery." Brief for Appellees at 15. It may well be that the lawsuits have been settled and that the issue is moot; however, we are unable to make such a determination from the state of the instant record. *Gee v. Eberle,* 279 Pa.Super. 101, 122, 420 A.2d 1050, 1062 (1980) ("The fact of the resale is . . . not of record.").

246

WIEAND, Judge, concurring and dissenting:

I respectfully dissent from the majority's decision to quash this appeal on the grounds that the trial court's order denying intervention was interlocutory and not appealable. In my judgment, the order was final and, with respect to the instant action, put appellants out of court finally.

However, I agree with Judge Popovich that a person not a party to a lawsuit may intervene only "during the pendency of an action." Pa.R.C.P. 2327. Here, appellants, who were not parties to the original action, sought to intervene approximately four months after the action had been finally settled and terminated. Under such circumstances, the trial court properly denied appellants' petition to intervene. I would affirm the order denying intervention.