493 A.2d 746

**JADEN ELECTRIC DIVISION OF the FARFIELD COMPANY and Corbit's, Inc.**

**v.**

**WYOMING VALLEY WEST SCHOOL DISTRICT, Inryco, Inc., Safeco Insurance Company of America, the Sutter Corporation, Aetna Casualty & Surety Company, Caudill Rowlett Scott and C.M. Associates, Inc.**

**Appeal of INRYCO, INC.**

Superior Court of Pennsylvania.

Argued March 25, 1985.

Filed May 24, 1985.

Reargument Denied July 17, 1985.

Gene E.K. Pratter, Philadelphia, for appellant.

Richard F. Wells, Philadelphia, for C.M., appellee.

Before BECK, POPOVICH and TROMMER, JJ.*

POPOVICH, Judge:

This is an appeal from an order of the trial court which ordered appellant, Inryco, Inc., to produce the materials which had been previously sealed by judicially supervised settlements negotiated in other litigation. We reverse and remand the matter for proceedings consistent with this opinion.

The history of this case has been set forth previously by this Court and is as follows:

* Judge Evelyn M. Trommer, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

This litigation arises in the context of a claim by appellee-respondent, Inryco, Inc., [a prime contractor] for damages sustained during its participation in the Wyoming Valley West High School construction project. Litigation in the Philadelphia Court of Common Pleas between the respondent and its subcontractor on the project, Helmark Steel, Inc., was previously settled.

The disputes in this settled litigation came to trial before Judge Victor DiNubile in September, 1980. Prior to commencement of trial and thereafter, Judge DiNubile was involved in supervising settlement negotiations among the parties. The matter was finally resolved, with court approval, prior to the conclusion of trial.

An integral part of the judicially supervised settlement was the embodiment of the parties' agreement, in a court order, that the entire record of the case be placed under seal and that all documents and deposition transcripts provided or received in the course of discovery be deemed "proprietary and confidential." The order, the terms of which were evaluated and approved by Judge DiNubile, was signed by Judge Stanley M. Greenberg on December 16, 1980, providing, in pertinent part: [1]

"3. The entire record of this case is hereby placed under seal.

4. All documents filed of record in this case, all documents provided or received in the course of discovery by any party in this action and all transcripts of depositions taken in this action shall be deemed to have been designated as proprietary and confidential, pursuant to the Stipulation and Confidentiality Order heretofore agreed to by the parties hereto on August 1, 1979 and September 2, 1980, which Stipulation and Confidentiality Orders shall continue in full force and effect, and all parties in this case shall continue to be bound by such Stipulation and Confidentiality Orders...."

The case at bar is only one of several actions that arose from the construction of the Wyoming Valley West High School. Another such suit, *Inryco, Inc. v. Wyoming*

*Valley West School District, et al.*, Civil Action No. 80–0232 (hereinafter "the District Court action"), is presently in the United States District Court for the Middle District of Pennsylvania.[2]

Petitioners-appellants[, the architect and construction manager,] were not parties in the instant captioned matter. However, as defendants in the District Court action, they alleged that the aforesaid order denied them the opportunity to review the Court of Common Pleas record and discover documents obtained therein. They contended that the purpose of the stipulation and confidentiality order entered pursuant to it was to interfere with discovery in the federal action, and that if the order is not rescinded or modified so as to permit them to review the record in the Philadelphia action, they will be significantly prejudiced in the presentation of their defense to the claims of respondent, Inryco, Inc., in the District Court action.

[1] Judge DiNubile became unavailable sometime after the conclusion of the settlement negotiations, but before the court's issuance of the final Order. He explained the circumstances of the case to Judge Greenberg and asked that he approve the stipulation and sign the order in connection with the settlement.

[2] There is some dispute as to the exact nature and relationship of the herein captioned matter and the District Court action. Petitioners assert that the Common Pleas and District Court actions encompass identical questions of law and fact. Respondent contends otherwise. We do not find it necessary, or helpful to the resolution of the presented petition and answer, to resolve this dispute.

*Inryco, Inc. v. Helmark Steel Inc.*, 305 Pa.Super. 239, 239–243, 451 A.2d 511, 511–2 (1982) (plurality opinion) (hereinafter referred to as Inryco I).

In Inryco I, we quashed the appeal from the trial court's order which denied a petition to intervene and to modify the order which placed the entire record under seal because the petitioners[, appellees in the instant case,] had "the right to reapply to the Court on the basis that a particular witness's deposition or a particular document included in the sealed record would not be otherwise available." *Id.*, 305 Pa.Superior Ct. at 244, 451 A.2d at 513.

■ In Luzerne County, another lawsuit was pending. Appellees-defendants, the architect and the construction manager, filed a motion to produce documents, which was granted by the Court of Common Pleas of Luzerne County. The procedural scenario surrounding this case was set forth in the following manner:

The Plaintiffs[, the electrical and mechanical contractors] sued the Wyoming Valley West School District and the latter joined, inter alia, Inryco, CRS and CM. The reason advanced for joining CRS and CM as additional defendants is that they were responsible for the delay in construction as architect and construction manager, respectively. That in response to such allegation of delay, CRS and CM contend that if there were delays, the cause of any delay was the result of a controversy that arose on the construction project between Inryco and Inryco's subcontractors, Helmark and Falcon Steel. Accordingly, pursuant to Pa.R.C.P. 4009, CRS and CM served two requests for production of documents, addressed to Inryco, Inc.

The first:

"1. With respect to the lawsuit wherein *Inryco, Inc. was plaintiff v. Helmark Steel, Inc., et al., defendant*, in the Court of Common Pleas of Philadelphia County at No. 3883, May Term, 1978, the following documents:

(a) Transcripts of testimony at the trial;

(b) All exhibits marked for identification at the trial;

(c) All documents produced by any of the parties at the request of other parties in connection with discovery proceedings;

(d) All exhibits marked for identification at deposition;

(e) All Interrogatories and Answers requested and made by any of the parties in connection with discovery;

(f) Transcripts of all depositions taken in the course of discovery prior to trial."

These were served on July 17, 1981, and

The second:

"1. All documents and/or reports prepared by Richard Marlink Associates and/or Surety Construction Consultants.

2. All documents prepared by or in conjunction with Bernard Lippe."

These were served on August 23, 1983.

Inryco, Inc. filed an Answer which may be summarized as follows: They admit CRS was the architect and CM was the construction manager for the said High School. That the pleadings in this case speak for themselves. In response to the first request the documents requested pertained to documents in another case in the Court of Common Pleas of Philadelphia County, in an action in which CRS and CM were not parties, and all the documents in that case were placed under seal pursuant to an Order dated December 16, 1980, issued by the Honorable Stanley M. Greenberg, as part of the conclusion of a judicially supervised settlement of that action. That this is the fifth (5th) time CRS and CM have attempted to collaterally attack the Order of Judge Greenberg.

As to the second request for production, Inryco answers that the requested documents contain reports of an expert witness retained by Federal Insurance Company, in another lawsuit which did not involve the Plaintiffs in this action. Inryco indicates that they would produce the documents in its possession if counsel for Federal Insurance Company or Richard Marlink Associates and/or Surety Construction Associates authorized such production. CRS and CM also request that reports of Bernard Lippe, who served as a witness for Inryco in other cases, but no decision has been made as to whether he will be called as an expert witness on behalf of Inryco in the present action. Further, Mr. Lippe has not prepared any report for Inryco with respect to the present action. They also argue that CRS and CM only may proceed through Interrogatories. R.C.P. 4003.5. Therefore, Inryco requests that the Motion of CRS and CM to compel production of documents be dismissed.

Trial Court's Opinion at 1–4.

This motion was granted by the Court of Common Pleas of Luzerne County. Appellant then filed a reconsideration petition which was denied. The trial court certified the instant case as one which involved an interlocutory order and which presented a controlling question of law. 42 Pa.C.S.A. § 702(b).[1] This appeal followed.

Appellant contends that (1) a judge of coordinate jurisdiction does not have jurisdiction to issue a discovery order which essentially collaterally attacks and overrules, reverses or modifies the final order entered which reflects the terms of a settlement and compromise of litigation pending before the court which issues the final order; (2) the burden of proof should rest on the party who attacks a final order; and (3) that non litigants do not have an unfettered right of access to sealed court records and other judicially protected documents. Because we are convinced that the trial court erred, we must reverse that court's decision.

The trial court in reversing the confidentiality order stated that the issue "is a unique question, previously passed upon by Judge Stanley M. Greenberg and considered by Judge Richard Conaboy of the Federal District Court, in another proceeding." Trial Court's Opinion on the Reconsideration Petition at 3. The trial court also stated its "[d]ecision turn[ed] on the fact that if counsel for the respective parties agreed to a confidentiality agreement, even with Court approval, without the Court passing upon the confidentiality of the material, would do violence to the rules of discovery." *Id.* at 2.

■ In a similar case, our Supreme Court held that "[a]bsent some new evidence, it is improper for a trial judge to overrule an interlocutory order by another judge of the

1. The instant case does present a controlling question of law and therefore jurisdiction is vested in this Court. *See Commonwealth v. Brown*, 485 Pa. 368, 370, 402 A.2d 1007, 1008 (1979) (where the Supreme Court of Pennsylvania granted permission to appeal although this Court denied permission to appeal on the issue of whether a judge had the authority to review a decision of a judge from another division of the same court of common pleas).

594

same court in the same case." *Commonwealth v. Brown,* 485 Pa. at 370, 402 A.2d at 1008. In the instant case, appellees are launching a collateral attack which even the trial court concedes was "previously passed upon by Judge Stanley M. Greenberg [of the Court of Common Pleas of Philadelphia County] and considered by Judge Richard Conaboy of the Federal District Court." Trial Court's Reconsideration Opinion at 3. Because appellees have presented no new evidence, the confidentiality ruling must stand. We are not persuaded that the decision of a court of coordinate and competent jurisdiction should be reversed. *See Moeller v. Washington County,* 352 Pa. 640, 44 A.2d 252, 254 (1945); *Flagship First National Bank v. Bloom,* 288 Pa. Super. 347, 431 A.2d 1082 (1981).

Order is reversed and the matter is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.