# In re Weiss

C.P. of Lehigh County, No. CP-39-JV-17-1995

*Michael T. Edwards*, for Commonwealth.
*Charles W. Gordon* and *Lisa M. Spitale*, for petitioner.

FORD, *J.*, Sept. 10, 2014—On March 7, 2014, counsel for the petitioner, Peter Hans Weiss, filed two documents with the court. One is entitled "motion to expunge juvenile records" and the other is entitled "petition for expungement of juvenile record." The petitioner seeks expungement of two separate sets of juvenile charges. The first set pertains to felony drug charges that were brought against the petitioner in 1994. Petitioner, Mr. Weiss, is entitled to expungement of these records. He also seeks expungement of records regarding his adjudication in 1996 of serious sexual assaults. The petitioner is not entitled to expungement of these latter records.

I conducted a hearing on the petitions on June 13, 2014. Petitioner filed a brief in support of his petitions.

Petitioner, Mr. Weiss, was born on August 21, 1980.

A juvenile petition was filed against him on December 9, 1994, when petitioner was 14 years old, for "manufacture, delivery or possession with intent to manufacture" a controlled substance. The 1994 allegations resolved with a consent decree that was entered on March 16, 1995. There is no indication in the record that there ever was a violation of the consent decree by the petitioner. Thus, the consent decree expired six months after March 16, 1995. *See* Pa.R.J.C.P. 373(B). A year and a half after entry of the consent decree, the sex offense allegations were filed against the petitioner. In these circumstances, under 18 Pa.C.S. § 9123(a)(2) which is a section of the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. §§ 9101-9183, petitioner is entitled to expungement of the records regarding the drug offenses.

On November 27, 1996, the Commonwealth filed a juvenile petition charging petitioner in Paragraph 1 with aggravated indecent assault, 18 Pa.C.S. § 3125(7); in paragraph 2 with aggravated indecent assault, 18 Pa.C.S. § 3125(8); in paragraph 3 with indecent assault, 18 Pa.C.S. § 3126(a)(7); and in Paragraph 4 with indecent assault, 18 Pa.C.S. § 3126(a)(8). Paragraphs 1 and 2 alleged felony offenses. Paragraphs 3 and 4 alleged misdemeanor offenses. According to the petition, Mr. Weiss committed these offenses shortly after his 16th birthday on his step-sister who was less than 13 years old.

On December 3, 1996, petitioner was found to have committed all four offenses and was adjudicated delinquent. He was committed to Renewal Centers in Quakertown, Pennsylvania for treatment for several issues. The petitioner failed to adjust to this placement due to incidents that he had with staff and a peer. By order dated March 20, 1997, the petitioner was terminated from

his placement at Renewal Centers and committed to a dual diagnosis placement at Specialized Treatment Services in Mercer, Pennsylvania. By order dated March 18, 1998, the petitioner was successfully released from Specialized Treatment Services and placed on probation which included participation in the Independent Living Program at Valley Youth House. With his continued positive adjustment, the petitioner was successfully released from probation by order dated August 24, 1998.

The petitioner, Mr. Weiss, now lives in Emmaus with his wife of six years and two children. He is remorseful for the crimes that he committed as a juvenile and he has committed no other crimes since then. He has always had full-time employment during his adult years. The sex offenses have adversely impacted his job. He is a mason and has job restrictions in terms of where he can do his work due to these sex offenses. For example, he has restrictions for work near schools. Due to the sex offenses, the petitioner also cannot fully participate in his children's activities by coaching them or volunteering at their schools.

Eric Holben, the petitioner's former probation officer, testified at the June 13 hearing. Mr. Holben recounted petitioner's positive adjustment and progress through treatment after his initial difficulties. It was clear that Mr. Holben admires petitioner for the responsible life he has fashioned for himself and for his family since his teenage transgressions.

Provisions of CHRIA control the issue of expungement of the adjudication for these sex offenses. The circumstances under which juvenile offenses may not be expunged are listed at 18 C.S. § 9123(a.1). It reads that expungement

shall not apply if any of the following apply:

(1) The individual meets all of the following:

(i) Was 14 years of age or older at the time the individual committed an offense which, if committed by an adult, would be classified as:

(A) An offense under section 3121(relating to rape), 3123 (relating to involuntary deviate sexual intercourse) or 3125 (relating to aggravated indecent assault).

(B) Attempt, solicitation or conspiracy to commit an offense under section 3121, 3123 or 3125.

(ii) Was adjudicated delinquent for the offense under subparagraph (i).

Petitioner was older than 14 when he committed the aggravated indecent assaults, crimes then and still defined at 18 Pa.C.S. § 3125. He was adjudicated delinquent for his offenses. Thus, based on 18 Pa.C.S. § 9123(a.1)(1), the court cannot order expungement of adjudication records of these aggravated indecent assaults.

Petitioner challenges the court's use of subsection (a.1) of Pa.C.S. § 9123 (listing the exceptions to when expungement can be granted) in deciding this issue because his adjudication for the sex offenses occurred prior to the enactment of this subsection. Petitioner correctly notes that subsection (a.1) to Pa.C.S. § 9123 became effective on December 20, 2012, after his adjudication on December 3, 1996. Petitioner asserts that use of that subsection would be an *ex post facto* violation.

There is no *ex post facto* issue in this case so an *ex post facto* analysis would not be appropriate. Earlier this year, when petitioner filed the pleadings that are now

before the court, 18 Pa.C.S. § 9123(a.1) was already in effect so it must be used to decide whether the requests for expungement should be granted. To put it another way, I did not apply this statute retroactively.

If I am incorrect and an *ex post facto* examination is proper, the Superior Court has held that the expungement provisions of CHRIA apply retroactively to juvenile proceedings which occurred prior to enactment of CHRIA so long as *ex post facto* principles are not violated. *In re Interest of John W.*, 300 Pa. Super. 293, 297, 446 A.2d 621, 623 (1982). In ruling that the version of 18 Pa.C.S. § 9123 in existence when an expungement petition is filed should be used to analyze a petition seeking expungement of juvenile records where the underlying juvenile proceedings occurred prior to enactment of CHRIA, the Superior Court stated:

> [Section] 9123 of CHRIA does not fall within the parameters of any one of these ex post facto categories formulated by [*Calder v. Bull*, 3 U.S. 386 (1798) (the seminal United States Supreme Court case specifying what constitutes *ex post facto* legislation)]. It does not alter the degree and form of punishment; it does not create new or greater criminal offense categories for acts committed prior to its enactment; and it does not affect evidentiary rules. In short, it does not alter a petitioner's position to his disadvantage. CHRIA is an attempt to settle the rift created by years of applying a balance of interest test to expungement issues.

*Id.* at 296-97, 446 A.2d at 623; *See also In re Jacobs*, 334 Pa. Super. 613, 483 A.2d 907 (1984).

Application of subsection (a.1) of 18 Pa.C.S. § 9123 to petitioner's expungement petition does not impinge on the

prohibition against *ex post facto* legislation. Subsection (a.1) simply prohibits expungement of juvenile records of adjudications for a class of enumerated sex offenses. It does not increase the punishment for those offenses, create new offenses or alter the rules of evidence. Any detrimental effect petitioner experiences as a result of the continued existence of his juvenile record would be a collateral consequence of his adjudication, not a new punishment. *See In re R.R.*, 57 A.3d 134 (Pa. Super. 2012).

What the petitioner has done with his life for the many years since his juvenile offenses is commendable. The court and providers of sex offender treatment would hope that all who become patients for such treatment would adopt the responsible, productive life that petitioner has forged. Unfortunately for the petitioner, he cannot secure the expungement that he seeks under the statute which controls his requests which statute, incidentally, was enacted for salutary purposes. On the other hand, petitioner may be a candidate for a pardon through the Pennsylvania Board of Pardons and then expungement through the court.