# Frey's Estate.

*Appeals—Interlocutory and final decrees—Leave to intervene.*

1. While, as a rule, an appeal will not lie from an order refusing leave to intervene because such an order is not a final one, cases may arise where a denial of a petition to intervene would be a practical denial of relief to which the petitioner for intervention is entitled and can obtain in no other way; and in such cases the refusal to permit an intervention is a final order or decree as to the petitioner.

*Practice O. C.—Right to intervene—Testamentary trustee—cestui que trust.*

2. It is error to refuse to permit a petitioner to intervene in a proceeding instituted by petitioner's trustees in bankruptcy to compel her testamentary trustee to file an account where it is averred and not denied that through losses not chargeable to the trustee, the principal of the trust fund has been reduced and the loss is to be made up from the income, and where petitioner might be able to show that before she became insolvent she and her trustee entered into an agreement on the face of which her trustees in bankruptcy have no right to ask for an account at the time, if at all.

Argued May 14, 1912. Appeal, No. 22, Jan. T., 1912, by Mary Nelson, from order of O. C. York Co., dismissing petition in the estate of Alexander J. Frey. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Petition for leave to intervene in a petition for a citation upon a testamentary trustee. Before BITTINGER, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in refusing to allow petitioner to become a party respondent.

*John F. Kell* and *McClean Stock,* for appellants.—
Mary Nelson submitted to the Orphans' Court her pe-
tition averring that the bankruptcy trustees had no in-
terest in the testamentary trust, and asking to be made
a party respondent so as to resist their move for an
accounting by the testamentary trustee.

That she was entitled to be made a party, and that
this was the appropriate method of procedure for her
is clear: Lightner's Est., 144 Pa. 273; Stambaugh's
Est., 135 Pa. 585; Hay's Est., 201 Pa. 391; Kutz v.
Nolan, 224 Pa. 262.

*Henry C. Niles, George E. Neff* and *James St. Clair
McCall,* for appellees.—The appeal should be quashed:
Tressler's Est., 228 Pa. 281; Palethorp's Est., 160
Pa. 316; Eckfeldt's App., 13 Pa. 171; Allen's Est., 20
Pa. Superior Ct. 32; Walker's Est., 25 Pa. Superior Ct.
256; Com. v. Stephens, 9 Pa. Superior Ct. 218.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

In asking that this appeal be quashed, counsel for
appellees seem to think that it is from the decree di-
recting an account to be filed by the testamentary trus-
tee of the appellant. If it were from that decree, and
the appellant had been heard in the proceedings in the
court below leading up to it, the motion to quash would
have to prevail, for a decree citing an executor or testa-
mentary trustee to file an account is interlocutory, from
which no appeal lies: Palethorp's Est., 160 Pa. 316.
The appeal is not from the decree to file the account, but
from the refusal to allow the appellant to intervene in
the proceedings instituted to compel her trustee to file
it. To her petition, asking leave to intervene and show
cause why an account should not be filed at the instance
of the appellees, no answer was filed, and its aver-
ments are, therefore, to be taken as true. One of them
is that, through losses not chargeable to the trustee,
the principal of the trust fund has been reduced and

the loss is to be made up from the income. If the appellant had been permitted to intervene, she might have been able to show that, before she became insolvent, she and her trustee entered into an agreement, in the face of which her trustees in bankruptcy have no right to ask for an account at this time, if at all; but her petition to be heard was denied and her trustee has been ordered to file an account, the costs and expenses of which will come out of the income provided for her by her father. She was directly interested and clearly had a right to be heard in the citation proceedings against her trustee, and, if the decree denying her a hearing as an intervenor has done her a wrong for which she now has no remedy, it was final as to her, and she has a right to be heard on appeal from it. How is she now to be relieved from the costs and expenses of filing the account, if it ought not to have been filed, unless she is heard on this appeal? She was given no opportunity to show cause why it should not be filed, and it is too late for her to do so now, if she has been wronged by it. She, as well as the trustee, ought to have been heard. The decree as to him is but interlocutory, and, on appeal from the decree finally confirming his account, he can renew his objections to being compelled to file it, and he will be heard; but not so with the appellant, to whom no opportunity was given to be heard why it should not be filed.

While, as a rule, an appeal will not lie from an order refusing leave to intervene, because such order is not a final one, cases may arise where a denial of a petition to intervene would be a practical denial of relief to which the petitioner for intervention is entitled and can obtain in no other way; and in such cases the refusal to permit an intervention is a final order or decree as to the petitioner: Henry v. Travelers' Insurance Company, 16 Colo. 179; Credits Commutation Company v. United States, 91 Fed. Repr. 570. The order denying the appellant the right to intervene was, as

to her, in the face of her unanswered petition, final, and, as she should have been permitted to intervene, the decree of the court below is reversed and the record remitted, with direction that she be made a co-respondent with her testamentary trustee in the citation proceedings, the costs on this appeal to be paid by the appellees.