Daniel COLOMBO et al.

v.

REPUBLIC STEEL CORP. et al.

v.

CULLEN CONTRACTING CORP.

Civ. A. No. 77–113 Erie.

United States District Court,
W. D. Pennsylvania.

April 21, 1978.

James R. Duffy, Pittsburgh, Pa., for plaintiff.

Charles F. Miller, Pittsburgh, Pa., John M. Wolford, Erie, Pa., James D. McDonald, Jr., McKean, Pa., for defendant.

Richard Dorfzaun, Pittsburgh, Pa., for third party defendant.

MEMORANDUM OPINION

KNOX, District Judge.

Plaintiff husband, a New York resident, brought suit against the original defendants, Republic Steel Corporation (Republic), B. Manno Corporation (Manno) and Hanley Company (Hanley), to recover damages for injuries allegedly sustained in an accident which occurred on April 27, 1977, while he was working on a roof on a building owned by defendant Hanley which roof was designed by defendant Republic and installed by defendant Manno. The building was located in Lewis Run, McKean County, Pennsylvania. Defendants Republic and Hanley each filed a third party complaint against plaintiff's employer, Cullen Contracting Corporation (Cullen). Subsequently, Cullen filed a motion to dismiss these

complaints. Thereafter, at time of oral argument on the motion to dismiss held on February 23, 1978, defendant Republic filed a motion for leave to amend its third party complaint for consideration "if and only in the event that the Pennsylvania Workmen's Compensation Act bars claims for contribution or indemnity from Cullen as employer of husband plaintiff" and a motion for joinder of real parties in interest or dismissal pursuant to FRCP 17 for presentation "if and only in the event that Cullen is dismissed as third party defendant".

■ Two issues are raised by Cullen's motion to dismiss the third-party complaints. First, whether the law of Pennsylvania, the state in which plaintiff was injured and in which the alleged acts of negligence of defendants Republic and Manno were committed, or of New York,[1] the state from which plaintiff is receiving workmen's compensation benefits[2] and in which he resides, should apply in determining the liability of plaintiff's employer, Cullen, to the original defendants for contribution or indemnity. Second, whether the indemnification agreement between Hanley and Cullen obligated Cullen to indemnify Hanley for Hanley's own negligence.

■ With respect to the first issue, that of choice of law, since this Court is sitting in a diversity action in Pennsylvania, it is required to apply the Pennsylvania choice of law rule. The Pennsylvania Supreme Court has held that in cases such as this, a court is not to apply a mechanical rule but rather it is to balance the relevant interests of the states involved. *Elston v. Industrial Lift Truck Co.,* 420 Pa. 97, 216 A.2d 318

(1966); *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970). Having weighed the interests of both New York and Pennsylvania in having their diametrically opposed workmen's compensation provisions with respect to employer contribution or indemnity applied herein, and relying on the overriding emphasis accorded to the state from which a plaintiff in such cases elects to receive workmen's compensation found in *Elston*[3] and *Goodemote v. Mushroom Transportation Co.,* 427 F.2d 285 (3d Cir. 1970), this Court holds that since plaintiff has elected to receive benefits from his home state, New York, that state has the paramount interest in controlling the administration of its workmen's compensation program. There is no correspondingly salient interest on the part of Pennsylvania. Accordingly, this Court will apply New York law to determine the issue of employer contribution or indemnification and, therefore, as conceded by all parties and as held by the New York courts, contribution/indemnification by Cullen is not barred by statute. Consequently, that portion of Cullen's motion to dismiss the third-party complaints which is based on the prohibition against such employer contribution or indemnification under § 303 of the Pennsylvania Workmen's Compensation Law, 77 P.S. § 481, is denied.[4]

■ With respect to the second issue of the scope of the indemnification agreement between Hanley and Cullen, Hanley alleges in Count 2 of its third-party complaint that it entered into a contract with Cullen, a copy of which has not been provided to the

1. Apparently, all parties concede, and the Court holds, that under New York law an employer may be joined for contribution or indemnification, *Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972) while under Pennsylvania law it may not. 77 P.S. § 481.

2. Although this fact does not appear in the pleading, it is found in the Daniel Colombo deposition, pp. 10, 11 and is not disputed by any of the parties.

3. In *Elston,* a Pennsylvania plaintiff was injured and elected to receive New Jersey bene-

fits. The defendant attempted to join the employer for contribution/indemnity under Pennsylvania law. The Court held that New Jersey was "the state whose workmen's compensation program is most significantly involved and the state, therefore, with the most significant interest in the application of its policies to the instant dispute." 420 Pa. at 110, 216 A.2d at 324.

4. Both plaintiff and his employer were located in Olean, New York, a short distance north of the New York State line.

Court, providing for the installation by Cullen of a roof on Hanley's building. Hanley states in ¶ 9 of its complaint that this contract obligated Cullen "to indemnify and save Hanley harmless against and from all claims, demands, suits, actions and recoveries and judgments of every nature and kind brought or recovered against it by reason of acts or omissions by Cullen, its agents or employees, in the execution of its contractual obligations." This Court was recently faced with the interpretation of similar contractual provisions in the cases of *Adamik v. Pullman Standard,* 439 F.Supp. 784, and *Norfolk & Western Ry. Co. v. Hardinger Transfer Co., Inc.,* 415 F.Supp. 507 (W.D.Pa. 1976), aff'd on this ground, 558 F.2d 1028 (3d Cir. 1977). In *Norfolk* we stated:

> At first blush this provision appears to be very broad and to cover any sort of injury or damage caused 'directly or indirectly,' no matter how remote and regardless of intervening or superseding causes. However, the law disfavors agreements by which a party is indemnified against his own negligence and a contractual provision will not be so interpreted in the absence of a clear, precise and unequivocal expression to that effect. *Gimbel Brothers, Inc. v. William H. Vanderherchen, Inc.,* 468 F.2d 597 (3d Cir. 1972); *Westinghouse Electric Corp. v. G. C. Murphy Co.,* 425 Pa. 166, 228 A.2d 656 (1967); *Dilks v. Flohr Chevrolet, Inc.,* 411 Pa. 425, 436, 192 A.2d 682, 688 (1963). 415 F.Supp. at 510.

Since the indemnification provision at issue here fails to express in "clear, precise and unequivocal" terms that coverage includes a loss due to the indemnitee's own negligence, it does not satisfy the strict standards imposed by Pennsylvania and the Third Circuit for such indemnification. The court deems the distinction between active and passive negligence emphasized by Hanley to be inapplicable. Therefore, that portion of third party defendant's motion concerning Hanley's indemnification claim based on a contractual provision is granted and count 2 of defendant Hanley's third party complaint is dismissed.

Having determined that the Pennsylvania Workmen's Compensation Act is inapplicable to third party plaintiffs' claims for contribution or indemnification from Cullen and that under the relevant New York statute such claims are not barred, the requisite contingencies for presentation of defendant Republic's motions for leave to amend third party complaint and for joinder of real parties in interest or dismissal pursuant to FRCP 17 have not materialized. Consequently, both of these motions will be dismissed as moot. Further, the parties having agreed at time of oral argument that the disposition of Cullen's motion to dismiss would control the various crossclaims filed in this case, this memorandum and the accompanying order are binding on these crossclaims insofar as applicable.