518 A.2d 850

Thomas S. GINTER

v.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

Appeal of Eric H. LUKE and Allstate Insurance Company, Petitioners for Intervention and Appellants.

Superior Court of Pennsylvania.

Argued June 5, 1986.

Filed Dec. 4, 1986.

Bruce H. Hoffman, Hollidaysburg, for appellants.

Iliss A. Zimmerman, Altoona, for Ginter, appellee.

Karen Pfeffer, Hollidaysburg, for Nationwide, appellee.

Before CIRILLO, President Judge, and TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

On March 30, 1984, appellee, Thomas S. Ginter, brought this action against his insurance carrier, appellee/Nationwide Mutual Fire Insurance, for work loss and medical

no-fault benefits based on an October 13, 1982 motor vehicle accident. (Although it does not appear to be part of the record, on December 19, 1983, appellee/Ginter instituted a tort claim against appellant/Eric M. Luke, an operator of one of the vehicles involved in the collision. Luke was insured by Allstate Insurance Company. The trial ran from October 7, 1985 to October 16, 1985, and a jury verdict of $10,750 was entered against appellant, Luke.) At the time of trial for the negligence action, the instant no-fault action was also pending before the same lower court judge, Brumbaugh, J. Due to the fact that a recovery against appellee/Nationwide, in the case *sub judice*, could result in a double recovery to appellee/Ginter, by agreement of counsel and pursuant to an Order of the trial judge, the portion of the jury's verdict representing past lost earnings was placed in an escrow account pending disposition of this no-fault action.

On October 21, 1985, appellants Luke and his carrier, Allstate Insurance, filed a petition to intervene in the instant action. Following a hearing, the trial court denied appellants' petition to intervene on October 29, 1985. The Order denying the petition briefly states that the petition does not comply with Pa.R.C.P. 2327, 2328 and 2329, and further, the granting of the petition would lead to undue delay. This appeal followed.

Appellants contend it is impossible to determine from the language of the Order denying the petition to intervene, upon what specific basis the lower court found the petition in noncompliance with the rules. The only indication of which sections of the various rules were being relied upon comes from a reading of the transcript of the hearing on the petition. We most certainly would be aided in our deliberations by an Opinion of the trial judge explaining his decision. If the record is incomplete, we can remand for completion of the record under the authority of *Maginley v. Elliott, Inc.*, 345 Pa.Super. 582, 498 A.2d 977 (1985). In *Maginley*, an appeal from the denial of the motion to intervene was remanded where the Superior Court was

unable to determine from the record whether the trial court abused its discretion. Upon review of the record in the instant action, we find it sufficiently complete to enable us to determine whether the court abused its discretion.

■ From that record, we find that the Order denying appellants' petition for intervention is not an appealable Order. As this Court stated in *M. London, Inc. v. Fedders Corp.*, 306 Pa.Super. 103, 452 A.2d 236 (1982):

> Although generally an appeal will not lie from an order refusing leave to intervene (see *Boise Cascade Corporation v. East Stroudsburg Savings Associations*, 300 Pa. Super. 279, 446 A.2d 614 (1982)), such an order is appealable if a contrary conclusion would effectively preclude much of the relief sought by the appellant. *Marion Power Shovel Co. v. Fort Pitt Steel*, 285 Pa.Super. 45, 48 n. 2, 426 A.2d 696, 697–98 n. 2 (1981).

*M. London, Inc.*, 306 Pa.Superior Ct. at 106, 452 A.2d at 237.

In the case *sub judice*, petitioner/Allstate is not left without recourse if the denial of the petition to intervene is found unappealable. Allstate has an adequate remedy in the escrow account in that, upon resolution of the instant no-fault action, the escrow proceeds would be distributed to the parties as their interests would require. Therefore, appellants' adequate remedy in the escrow account prevents us from finding that the Order denying intervention is appealable at this time.

As to the merits of this action, appellants argue the lower court abused its discretion in denying the petition to intervene as said petition fully complied with all the provisions of Pa.R.C.P. 2327, 2328 and 2329. Appellants further contend that granting the petition would not have led to undue delay.

■ Initially, we note that whether to permit intervention is a matter within the sound discretion of the trial court and the court's determination will not be interfered with on appeal in the absence of a manifest abuse of discretion.

*Marion Power Shovel Co. v. Fort Pitt Steel,* 285 Pa.Super. 45, 426 A.2d 696 (1981).

■ Additionally, we find that appellants have no standing to intervene under Pa.R.C.P. 2327. A party may intervene only if that party comes within one of the categories enumerated in Rule 2327:

**Rule 2327. Who May Intervene**

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

None of the above requirements have been met. We note appellants have stated in their petition for intervention that they adopt appellee/Ginter's complaint and his position as their own pursuant to Pa.R.C.P. 2328. While appellants' actions are procedurally correct, Allstate and Luke cannot incorporate Ginter's pleadings by reference as they do not give either party standing. An action by an insured against his carrier for no-fault benefits cannot be converted to a claim by a second carrier with no responsibility for such payments. Any possible liability claim against Allstate has already been determined in the action by Ginter against Luke and the limit of Luke's liability has been established with Allstate's interest being protected by the establishment of the escrow fund. To allege that Allstate must be given the right to intervene because of the possibility of a fraudulent settlement of the action between Ginter and

Nationwide, is impertinent at best and assumes a possible impropriety without a scintilla of evidence to support such a belief. In any case, Allstate would have recourse should such appear to be the case.

■ Regardless of the petitioner's qualification to intervene under Pa.R.C.P. 2327, the court may nevertheless refuse such a petition under authority of Pa.R.C.P. 2329:

**Rule 2329. Action of Court on Petition**

Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; *but an application for intervention may be refused, if*

(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention *or the intervention will unduly delay,* embarrass or prejudice the trial or the adjudication of the rights of the parties. (Emphasis added)

We have no doubt that intervention by Allstate and Luke at this time will unduly delay the proceedings. When appellants' petition to intervene was filed, this action was already headed for settlement. At the end of the Ginter/Luke tort trial on October 16, 1985, appellee/Nationwide agreed to pay the no-fault benefits, which have been the subject of the instant action, based upon the testimony of Ginter's treating physicians at trial. Although Ginter agreed to settle his case against Nationwide, appellants filed a petition to intervene on October 21, 1985 (See, Appellee Nationwide's brief at p. 4). Appellants' intervention will thus only further delay already protracted litigation.

For the above reasons, we quash the appeal, but had the matter been properly before us, we would have affirmed the Order of the lower court.

Appeal quashed.

POPOVICH, J., dissents.

POPOVICH, J., dissenting:

I would quash the appeal as being interlocutory, as made mention of by the Majority at page 203 of its opinion, since the appellants can secure relief by filing suit with regard to the escrow fund established by the trial court below. Thus, I see no need, as the Majority finds it necessary to do, to discuss the merits of the denial of the intervention petition any further. Accordingly, finding that the trial court was correct in denying the appellants' request to intervene since its recourse is not limited at this stage of the case to the appellate route only, but they can seek redress by taking legal action against the escrow fund established below, I cannot join in the Majority's opinion as written.