534 A.2d 825

Alice SCHARNITZKI

v.

Henry BIENENFELD and Harry Ganzman, Additional Defendant, Hartford Accident & Indemnity Company, Intervening Party Defendant.

Appeal of HARTFORD ACCIDENT & INDEMNITY COMPANY.

Superior Court of Pennsylvania.

Argued June 15, 1987.

Filed Dec. 10, 1987.

John M. DeFeo, Philadelphia, for appellant.

David M. Barry, Philadelphia, for Ganzman, appellees.

Before MONTEMURO, KELLY and CERCONE, JJ.

MONTEMURO, Judge:

Hartford Accident & Indemnity Company ("Hartford") challenges the October 1, 1986 order of the Philadelphia Court of Common Pleas denying its petition to intervene. Because Hartford appeals from an interlocutory order, we quash this appeal.

The Pennsylvania Supreme Court has stated that

as a rule, an appeal will not lie from an order refusing leave to intervene, because such an order is not a final one[. *However], cases may arise where a denial of a petition to intervene would be a practical denial of relief to which the petitioner for intervention is entitled and can obtain in no other way; and in such cases the refusal to permit an intervention is a final order or decree as to the petitioner.*

*Frey's Estate*, 237 Pa. 269, 271, 85 A. 147, 148 (1912) (citations omitted). *Accord Maginley v. Robert J. Elliot, Inc.*, 345 Pa.Super. 582, 584, 498 A.2d 977, 979 (1985); *M. London, Inc. v. Fedders Corp.*, 306 Pa.Super. 103, 106, 452 A.2d 236, 237 (1982); *Inryco Inc. v. Helmark Steel, Inc.*, 305 Pa.Super. 239, 243–44, 451 A.2d 511, 512–13 (1982) (quoting *Frey's Estate*); *Boise Cascade Corporation v. East Stroudsburg Savings Assn.*, 300 Pa.Super. 279, 281,

446 A.2d 614, 615 (1982) (quoting *Frey's Estate*); *Marion Power Shovel Co. v. Fort Pitt Steel Casting Co.*, 285 Pa.Super. 45, 48 n. 2, 426 A.2d 696, 696–97 n. 2 (1981) (quoting *Frey's Estate*). Therefore, before deciding whether we may entertain this appeal as a challenge from a final order, we must determine whether Hartford has, in all practicality, been denied the relief to which it is entitled.

Hartford's petition to intervene arose as a result of the following events. On October 3, 1985, a fire occurred at the Benton Court Apartments. As a result of the fire, Alice Scharnitzki, a resident of the apartment building, filed a civil action for personal injuries against Henry Bienenfeld, the owner of the apartment building. Ms. Scharnitzki's complaint stated that "Defendant negligently, carelessly and/or willfully and wantonly created the condition ... which caused the injury to Plaintiff ..." Complaint, para. 5. Mr. Bienenfeld then filed a complaint against additional defendant, Harry Ganzman, also a resident of the Benton Court Apartments. In the complaint, Mr. Bienenfeld alleged that, if Ms. Scharnitzki had suffered any injury, "said injuries were caused by and/or contributed to by the negligence and careless[ness] of additional defendant." Complaint para. 7.

Mr. Ganzman had insurance under a homeowner's policy provided by Hartford. The policy was in effect at the time of the fire and obligated Hartford to indemnify Mr. Ganzman for any loss he might sustain, up to the policy's limit of $25,000, because of judgments entered against him "for damages because of *bodily injury* or *property damage* to which ... coverage applies." Homeowner's Policy, Section II, Liability Coverages, Coverage E, p. 9. Hartford does not dispute that the claims now brought against Mr. Ganzman fall within the policy's coverage.

Based on its belief that there would be numerous claims for personal injury and property damage in addition to Ms. Scharnitzki's claim and that those claims would far exceed the policy's limits, Hartford petitioned the trial court for intervention. In its petition, Hartford asserted that if per-

mitted to intervene it would petition for interpleader of the various claimants against Mr. Ganzman and would deposit the $25,000 in court. By intervening and then interpleading, Hartford wished to effect "a fair and equitable distribution of the policy limit to all claimants." Hartford's Memorandum of Law in Support of its Petition to Intervene at 2. Hartford appended to its Petition to Intervene a Petition for Interpleader. In support of this latter petition Hartford stated that it wished to deposit the policy limit into court to "avoid the multiplicity of lawsuits and the potential claim of bad faith." Hartford's Memorandum of Law in Support of its Petition for Interpleader at 2.

The trial court denied the petition for intervention and reasoned that if Hartford were permitted to intervene, Hartford's "obligation to defend [Mr. Ganzman], pursuant to the policy entered into by the parties, would be vitiated." Trial Court Opinion at 2. In so reasoning, the trial court adopted implicitly Mr. Ganzman's objections to the petition to intervene. Mr. Ganzman had argued that he believed that it was Hartford's "intention ... to refuse to defend him in any claims arising out of the occurrence in suit if Hartford [were] permitted to tender ... its stated policy limit of $25,000 into Court." para. 14, additional defendant Harry Ganzman's Answer to Petition for Intervention of Hartford Accident & Indemnity Company. Mr. Ganzman based his allegation on language in the homeowner's policy which states that Hartford's "obligation to defend any claim or suit ends when the amount [paid] for damages resulting from the occurrence equals [the] limit of liability." Homeowners Policy, Section II, Liability Coverages, Coverage E, p. 9.

On appeal, Mr. Ganzman argues that this Court should quash Hartford's appeal because it is taken from an interlocutory order. He contends that Hartford has not been denied the "ultimate relief sought" because the trial court's denial of the petition to intervene does not preclude the company from "paying [the] policy limits." Appellee's Brief at 11. Mr. Ganzman states further that if Hartford

believes it has a right to disclaim its duty to defend, that issue may be decided in a declaratory judgment action. *Id.*

Hartford argues that the trial court's order is final because it precludes the insurance company from obtaining the relief requested. Hartford states that it "has attempted to interplead all Claimants and tender its policy with the Court to avoid any adverse judgment which would require [it] to distribute a portion of its policy, if not the entire policy, to one Claimant." Appellant's Brief at 2–3. The company argues that the denial of its petition to intervene "can only be viewed as a final determination of [its] rights" because it "effectively preclude[s] recovery from the policy by Additional Claimants, [and] would further effectively preclude [it] from withholding the payment of any portion of its policy to satisfy a judgment." *Id.* at 3. We disagree.

The relief which Hartford seeks is (1) to "adequately and safely secure its policy limits for all future Claimants," and (2) to avoid "criticism, at the very least, and claims of bad faith, at the very worst, from the various Claimants that Hartford intended to interplead." *Id.* at 5. Without addressing the argument raised by Mr. Ganzman concerning Hartford's alleged intent to disclaim its duty to defend, we find that Hartford has not, in all practicality, been denied the relief to which it is entitled.

We question whether Hartford need fear a risk of exposure to liability for claims of bad faith if it exhausts the limits of Mr. Ganzman's policy without in some way attempting to compensate all known claimants. We have been unable to find any Pennsylvania case that addresses squarely Hartford's concerns nor has Hartford cited any law to support its argument that it may be liable for bad faith claims if it exhausts the policy's proceeds without attempting to compensate all claimants. However, the majority rule holds that where several claims arise from a single insured event but where judgments for those claims were or are to be obtained against an insured in different actions, the insurance company may distribute the proceeds on a first-come-first-served basis according to priority of

judgment, even if the insurer's maximum liability under the policy is inadequate to compensate all claimants. *See* 70 A.L.R.2d 416 § 4[b]; *Castoreno v. The Western Indemnity Company*, 213 Kan. 103, 515 P.2d 789 (1973) (insurer neither acted negligently nor in bad faith when it settled two claims and paid one judgment arising out of one accident resulting in depletion of the insurance policy proceeds prior to recovery by two additional judgment creditors). *Cf. Harmon v. State Farm Mutual Automobile Insurance Co.*, Fla., 232 So.2d 206, 207–208 (1970) (liability insurer may in good faith *settle* part of multiple claims arising from the negligence of its insured even though such settlements deplete or exhaust the policy limits of liability so that the remaining claimants have little or no recourse against the insurer). *Accord Hartford Casualty Insurance Co. v. Dodd*, 416 F.Supp. 1216 (D.Md.1976); *State Farm Mutual Automobile Insurance Co. v. Hamilton*, 326 F.Supp. 931 (D.S.C.1971); *Haas v. Mid America Fire & Marine Insurance Co.*, 35 Ill.App.3d 993, 343 N.E.2d 36 (1976). *See also Liguori v. Allstate Insurance Co.*, 76 N.J.Super. 204, 214, 184 A.2d 12, 17 (1962) ("[w]hether multiple claims are to be treated one at a time or collected and evaluated together, is a choice solely within the discretion of the insurer").

Even assuming that Hartford's fears of potential liability are well-founded, we do not find that Hartford has been denied all practical relief. We first note that Mr. Ganzman has not been found liable for the fire, and, therefore, Hartford seeks relief prematurely.[1] Because Hartford's petition was not denied with prejudice, it has the option to reapply to the court for intervention *when an actual claim is made against the policy proceeds.* We reasoned similar-

---

1. The Hartford insurance policy in question contains a provision that states "no action with respect to Coverage E shall be brought against us until the obligation of the *insured* has been determined by final judgment or agreement signed by us." Homeowners Policy, Section II, Conditions, 6, p. 11. Coverage E pertains to the insurance's company's duty "[i]f a claim is made or a suit is brought against any *insured* for damages because of *bodily injury* or *property damage* to which ... coverage applies." Homeowners Policy, Section II, Liability Coverages, Coverage E, p. 9.

ly in *Inryco Inc. v. Helmark Steel Inc.*, 305 Pa.Super. 239, 244, 451 A.2d 511, 513 (1982) to find that an order denying a petition to intervene was interlocutory. There, several suits arose out of a construction project. The suits were filed in both federal and state courts and involved different parties. A settlement was reached in one of the state court actions. As part of the judicially-supervised settlement agreement in the action, the entire record of the case, including deposition transcripts, was placed under seal. A defendant in one of the related federal court actions who was not involved in the state court action, petitioned for intervention in the state court action. The petitioner alleged that placing the record of the state court action under seal denied it the opportunity to review the court of common pleas' record and to discover documents obtained therein. We found that the denial of the petition to intervene was not final because it did not constitute a "practical denial of relief" to which petitioner was entitled. *Id.* Petitioner had other remedies available to it. It could conduct discovery in the federal court action and could reapply to the state court if certain documents or depositions would be otherwise unavailable. The case before us presents a situation analogous to that in *Inryco.* The denial of Hartford's petition to intervene does not expose it to claims of bad faith. According to Hartford, only if it makes payments to some but not all claimants will it face liability. Since under the terms of the policy Hartford has no obligation to make those payments until either it signs an agreement or final judgment is rendered against its insured, Homeowner's Policy, Section II, Conditions, para. 6, p. 11, neither of which has occurred, Hartford has no obligation to pay claims arising from the fire and is therefore not subject to any liability for bad faith payments. At this point in the litigation, Hartford's fears of liability are based on mere conjecture and speculation.

Moreover, although Hartford is not allowed to intervene, it is not precluded from protecting its interests. Under the homeowner's policy, Hartford has a duty to defend Mr. Ganzman in actions arising out of the fire until the amount the insurance company pays for damages equals the $25,-

000 limit of liability. Since no claims can be made against the policy proceeds at this point because there has been no final judgment against Mr. Ganzman, nor has Hartford signed any agreement, the insurance company will have a duty to defend Mr. Ganzman. Although not named as a party, Hartford will be able to control the defense of this suit. *See id.* (insurer agrees to provide a defense by counsel of its choice, and it has the right to "make any investigation and settle any claim or suit" that it decides is appropriate). If Hartford is concerned about possible exposure to liability resulting from charges of bad faith leveled against it by various claimants who may not recover for their injuries if the proceeds are expended, the counsel it appoints to defend Mr. Ganzman can move to consolidate all the actions brought against Mr. Ganzman. *See* Pa.R.C.P. 213(a) ("[w]hen actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay"). The consolidation of the actions would ensure that all judgments would be entered at the same time. Hartford can thereby avoid making piecemeal payment of claims arising from the accident. If consolidation is allowed, Mr. Ganzman, with Hartford providing the defense, could attempt to stay proceedings until after the statute of limitations has run.[2] Hartford would then have notice of all potential claims competing for the policy proceeds. If the trial court denies these motions,[3] and Hartford is then forced to make piecemeal payment of claims, the insurance company would be insulated from bad faith

---

2. *See* 42 Pa.C.S.A. 5524 (two year statute of limitations). The fore occurred on October 3, 1985.

3. The trial court might deny these motions, finding that to do otherwise would contravene the policy favoring compromises and speedy settlements. *See, e.g., Harmon v. State Farm Mutual Automobile Insurance Co.,* Fla., 232 So.2d 206, 208 (1970) (citing Keeton, *Preferential Settlement of Liability-Insurance Claims,* 70 Harv.L.Rev. 27, 46–51)).

claims by unsatisfied judgment creditors. First, according to the majority rule, it would not be improper for Hartford to pay or settle claims on a first-come-first-served basis. Second, even if the majority rule were inapplicable to this situation, Hartford would have taken every step to protect the rights of the claimants and to avoid charges of bad faith.

Because the trial court's denial of the petition to intervene does not operate as a "practical denial of relief" to which Hartford is entitled and could "obtain in no other way," *Frey's Estate*, 237 Pa. 269, 271, 85 A. 147, 148 (1912), we conclude that the trial court's order is interlocutory. Accordingly, we quash this appeal.

Appeal quashed.