534 A.2d 1071

**NATIONWIDE INSURANCE COMPANY OF DELAWARE, Appellant,**

v.

**William F. ENDERLE and Margaret Enderle, his wife.**

Superior Court of Pennsylvania.

Submitted April 21, 1987.

Filed Dec. 11, 1987.

Michael Yanoff, Lansdale, for appellant.

Edward S. Lawhorne, Media, for appellees.

Before POPOVICH, JOHNSON and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of the Court of Common Pleas of Delaware County entered against the appellant, Nationwide Insurance Company of Delaware. We reverse.

The record discloses that on December 15, 1977, Clyde and Bernice Ewing, domiciled in the State of Delaware and

insured by the appellant, sustained injuries in Pennsylvania as a result of the negligent operation of a vehicle owned by William and Margaret Enderle and insured by a Pennsylvania carrier.

When the Ewings refused to execute a complaint brought by the insured/Nationwide against the Enderles, it secured the status as party-plaintiff and sought the recoupment of $4,309.44 (of basic loss benefits paid to its insured/Ewings) from the Enderles under a right of subrogation afforded to it by the Delaware Motor Vehicle Act, 21 Del. Code Ann. § 2118(f). A verdict was entered against Nationwide and its complaint was dismissed.

A series of appeals and remands transpired thereafter leading to the re-imposition of the original verdict and complaint dismissal. This appeal followed.

Nationwide assails the trial court's dismissal of its complaint on the ground that the Delaware No-Fault Act (21 Del. Code Ann. § 2118) affords it a right of subrogation which was refused recognition by the court below. We agree.

Under our No-Fault Act (40 P.S. § 1009.101 et seq.), reference to the law of the state of domicile of the victim is required in those instances where the payment of basic loss benefits is at issue, the victim is not domiciled in Pennsylvania but the state of domicile of the victim does provide a No-Fault plan to its domiciliaries. For example, 40 P.S. § 1009.110(c)(1) reads in pertinent part:

(1) Basic Loss Benefits[1] available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the State's No–Fault plan for motor vehicle insurance in effect in the state of

1. "Basic loss benefits" means benefits provided in accordance with this act for the net loss sustained by a victim, subject to any applicable limitations, exclusions, deductibles, waiting periods, disqualifications, or other terms and conditions provided or authorized in accordance with this act. Basic loss benefits do not include benefits for damage to pro perty. Nor do basic loss benefits include benefits for net loss sustained by an operator or passenger of a motorcycle.
40 P.S. § 1009.103 (repealed).

domicile of the victim on the date when the motor vehicle accident resulting in injury occurs. * * * *

The Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101, repealed by Act of February 12, 1984, P.L. 26, No. 11, § 8(a) effective October 1, 1984.

Viewing the intention sought to be achieved by the Legislature (see 1 Pa.C.S. § 1921) in promulgating § 1009.-110(c)(1) against a common sense reading of the statute in question, we do not read the provision so narrowly as to impair the appellant's ability to look to Delaware's subrogation statute (21 Del. Code Ann. § 2118(f)) to afford it the opportunity to recover monies paid to its insured under Delaware's No–Fault Act, which grants unequivocally the appellant the right to subrogation for benefits paid.

In doing so, we find that the appellant's right to subrogation is controlled by Delaware law, and, accordingly, appellant is entitled to seek payment from the appellees for monies paid to its insured. Thus, we see no need to engage in a conflict-of-law analysis when Pennsylvania's No–Fault Act directs that the domicile of the victim is to be respected in determining one's rights under No–Fault law. See § 1009.110(c)(1).

In *Toter v. Knight,* 278 Pa.Super. 547, 420 A.2d 676 (1980) this Court concluded that 40 P.S. § 1009.110(c)(2), which required that a victim's right to sue in tort was to be determined by the law of the state of domicile of such a victim, was not undermined by 40 P.S. § 1009.301(a)'s abolishment of tort liability and the $750.00 threshold requirement that had to be met to recover damages for non-economic detriment caused by an automobile accident. Rather, § 110(c)(2), similar in essential language to § 110(c)(1), was read to require that New Jersey's $200.00 threshold requirement proviso in the law controlled vis-a-vis Pennsylvania's $750.00 level.

Instantly, as in *Toter,* the applicable provision of Pennsylvania's No–Fault Act (§ 110(c)(1)) is being read to allow the out-of-state statute (Delaware's § 2118) to regulate entitlement to recovery. In this way, Delaware law availing the

appellant/insured a right to subrogation, the Pennsylvania's No–Fault Act need not be relied upon to direct our decision. See *Swezey v. The Home Indemnity Co.*, 691 F.2d 163 (3rd Cir.1982).

Further, under § 110(c)(1), as is obvious from its reading, basic loss benefits are available only to a "victim" or a "survivor of a deceased victim." However, albeit the appellant is certainly not a "victim" or a "survivor of a deceased victim" as those terms are described statutorily, nonetheless, that is not the end of the inquiry since the appellant seeks to implement its subrogation rights specifically provided for under § 2118(f) of the Delaware law.

Because traditionally notions of subrogation relate to " 'the equitable substitution of another person in the place of the lienholder or preferred claimant to whose original rights he succeeds in relation to the claim paid' ", *Willis v. Continental Casualty Co.*, 649 F.Supp. 707, 709 (D.C. Del. 1986)(Citation omitted), the "victim's" entitlement to basic loss benefits under § 110(c)(1) would encompass the appellant, i.e., it stepped into the shoes of the insured/"victim". See *Allstate Insurance Co. v. Clarke*, 364 Pa.Super. 196, 527 A.2d 1021 (1987). Thus, the appellant will be availed the opportunity to have payment for injuries incurred satisfied via § 110(c)(1)'s referral to the "victim's" state of domicile, which here would be Delaware, in determining one's subrogation rights.

Even though argument has been made which makes much of the appellant's failure to have made payments in excess of Pennsylvania's No–Fualt statute as some sort of condition precedent to securing recovery, this misses the mark.

If the Delaware law is controlling, which we believe it is, then the appellant need not satisfy some threshold payment to be entitled to exercise its subrogation rights and bring a separate action against the tort-feasor to recover the amounts the carrier has paid its insured. See *Swezey*, supra. Accord *International Underwriters, Inc. v. Blue Cross and Blue Shield of Delaware, Inc.*, 449 A.2d 197, 200

(Del. Supr. 1982); *Givens v. Street*, 405 A.2d 704 (Del. Super. 1979); *DeVincentis v. Maryland Casualty Co.*, 325 A.2d 610, 612 (1974). Section 2118(f) does not require such a *sine qua non* to exercise subrogation rights by an insurer.

Accordingly, we read the statutes and law in question to avail the appellant a right to subrogation, and, thus, the ruling of the court below being to the contrary, we reverse.

Jurisdiction is not retained.

JOHNSON, J., filed a dissenting opinion.

JOHNSON, Judge, dissenting:

I am obliged to dissent. The decision of the majority subverts the legislative intent of the Pennsylvania No–fault Act[1] by extending basic loss provisions, 40 P.S. § 1009.-111(c)(1), to allow recovery by the no-fault insurer for payment of those benefits to the victims.

The clear policy of this Commonwealth when the legislature passed the No–fault Motor Vehicle Act was to develop a statewide motor vehicle insurance system which assured victims payment of certain basic loss benefits and reduced or eliminated the need for law suits except in cases of serious injury. 40 P.S. § 1009.102. The legislature restricted potential plaintiffs to those suffering statutorily described serious injury to decrease the number of law suits. Those able to sue under the statute are precluded from recovering for some damages and neither the victim nor his no-fault carrier may recover the damages paid as basic loss benefits.

The majority and Nationwide derive their assertion that this claim is subject to subrogation from the Delaware Motor Vehicle Act, Del. Code Ann. tit. 21 § 2118(1977). Section 2118(f) allows an insurer, who is required to pay first party benefits, to recover the amount of those benefits from the tort-feasor. The Delaware No–Fault statute being

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101, repealed by Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

additive rather than basic provides for certain payments to the victim of an automobile accident regardless of negligence while retaining traditional tort recovery. Subrogation rights are provided to the insurer providing benefits, subject to certain limitations not relevant here. 21 Del. Code Ann. § 2118(f). Unlike the Delaware Statute, Pennsylvania abolished tort liability, with certain exceptions, when an accident occurs within the state. 40 P.S. § 1009.-301. Section 301 of the Pennsylvania No–Fault Act (40 P.S. § 1009.301), abolishes a tort-feasor's tort liability for economic damage except for amounts in excess of money paid to a victim as basic loss benefits.

The Pennsylvania No-fault law provides:

**Rights and duties of obligors.**

(a) Reimbursement and subrogation.—

(1) Except as provided in paragraphs (2) and (3) of this subsection, an obligor:

(A) does not have and may not contract, directly or indirectly, in whole or in part, for a right of reimbursement from or subrogation to the proceeds of a victim's claim for relief or to a victim's cause of action for non-economic detriment; and

(B) may not directly or indirectly contract for any right of reimbursement based upon a determination of fault from any other obligor not acting as a reinsurer for no-fault benefits which it has paid or is obligated to pay as a result of injury to a victim.

40 P.S. § 1009.111(a)(1).

This language obviously expresses the policy of the Commonwealth of Pennsylvania that insurers providing security under the Act do so without recourse to fault-based subrogation. *Id.* Under Section 111 of the Pennsylvania No-fault Act (40 P.S. § 1009.111) an insurer's right of subrogation is preserved only where payment has been made by the insurer to its insured in an amount in excess of basic loss benefits. *Brunelli v. Farelly Bros.*, 266 Pa. Super. 23, 402 A.2d 1058 (1979). However, Nationwide made no payments in excess of basic loss benefits.

This action requires a conflict of laws analysis since the two "no-fault" acts deviate on the issue of subrogation of no-fault benefits paid. Since there is no statutory guidance, a determination of which state's law should apply to the case before us is required.

The Pennsylvania Supreme Court adopted the "contacts" test for resolving conflicts of law in *Griffith v. United Airlines,* 416 Pa. 1, 203 A.2d 796 (1964). Under *Griffith,* we are required to apply the law of the jurisdiction with the most significant relationship with the occurrence and the parties.[2] To determine the forum with the most significant relationship, reference must be made to the place of the injury, the domicile of the parties, and the "place where the relationship between the parties is centered." *Griffith,* 416 Pa. at 15, 210 A.2d at 802. In this case, these contacts would call for the application of Pennsylvania law: the place of the injury, the domicile of the tort-feasor, and the place where the relationship of the parties is centered are all in Pennsylvania.

However, the *Griffith* test is not merely one of "counting the contacts". A decision on a choice of law must also be made with reference to the policies underlying the differences in the law. While the Delaware law has as one of its purposes the compensation of victims for economic loss, the Delaware Motorists Protection Act by allowing recovery against tort-feasors, would result in premium differentials based on accident fault experience. This is inconsistent with the policies of no-fault compensation. *See,* Eugene F. Scoles and Peter Hay, Conflict of Laws § 17.44, n. 9 (1982).

Pennsylvania, on the other hand, has a legislatively declared policy against the fault based subrogation allowed under Delaware law. *See also, Automobile Underwriters*

---

**2.** We note parenthetically, that in Delaware, where, as previously noted, tort law applicable to automobile accidents has not been abolished, the "contacts" test espoused by such cases as *Griffith, supra,* has been rejected and Delaware continues to adhere to the traditional rule of *lex loci delicti,* the law of the place of injury controls. *Friday v. Smoot,* 58 Del. 488, 211 A.2d 594 (1965); *Thornton v. Carroll,* 490 F.Supp. 455 (Del. 1980).

*Inc. v. Erie Insurance Group,* 30 Pa.D. & C.3d 152 (1983). The result of Pennsylvania's policy is to evenly distribute the premium burden on the driving population without regard to fault. Application of the subrogation provision of the Delaware Motorists Protection Act, 21 Del.Code Ann. § 2118(f) would frustrate this purpose if applied to Pennsylvania insured drivers and ultimately to Pennsylvania insurers. It would redistribute the burden of providing benefits in a way not contemplated by the Pennsylvania Act. It is self-evident that tort exemptions in reality finance no-fault benefits.

I would find that § 40 P.S. 1009.111(c)(1) does not encompass subrogation and therefore would not reach the applicability of section 2118(f) of the Delaware Motorists Protection Act. I would find that Nationwide's cause of action fails since subrogation actions of this character are contrary to the law of the Commonwealth. I would affirm the judgment of the trial court.

Accordingly, I dissent.