32

537 A.2d 365

Ernest R. McDANIEL

v.

REXNORD, INC.

Appeal of HANLEY BRICK, INC., Petitioner.

Ernest R. McDANIEL and Helen R. McDaniel

v.

Richard MORRIS and Ralph Young.

Appeal of HANLEY BRICK, INC., Petitioner.

Superior Court of Pennsylvania.

Argued Nov. 5, 1987.

Filed Feb. 10, 1988.

Louis C. Long and David H. Patterson, Pittsburgh, for appellant.

H. John Drayer, Clarion, for McDaniel, appellees.

John G. Gent, Erie, for Rexnord, appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

ROWLEY, Judge:

Appellant Hanley Brick, Inc. appeals from an order denying its petition to intervene.[1] We affirm.

Ernest R. McDaniel ("McDaniel"), an employee of appellant Hanley Brick, Inc. ("Hanley"), was allegedly injured when he was exposed to a toxic chemical during the course of his employment. The chemical was manufactured by Rexnord, Inc. ("Rexnord").

McDaniel brought suit against Rexnord (No. 18–1981 C.D.), and with his wife, brought a separate action against two co-employees, Richard Morris and Ralph Young (No.

---

1. The trial court entered a single order denying appellant's petition to intervene. However, the order was entered at the two separate relevant trial court docket numbers. Appellant filed separate notices of appeal from the order, entered at each separate trial docket number.

23–1981 C.D.). Additionally, McDaniel pursued a workmen's compensation claim which has resulted in payments by appellant's insurance carrier, State Workmen's Insurance Fund ("SWIF"), to McDaniel.

Through negotiation, McDaniel and Rexnord reached a proposed settlement (R.R. at 7a) of the case against Rexnord. Under terms of the settlement, Rexnord is to pay McDaniel $62,500 "contingent upon the Court's approval of the settlement and the discharge of any liability that Rexnord has or did have to Ernest McDaniel or Helen R. McDaniel, his wife, and the Workman's (sic) Compensation carrier responsible for workman's compensation payments to Mr. McDaniel" (R.R. at 8a and 11a). The settlement was made possible, in part, by SWIF's agreement to accept the sum of $12,000 in satisfaction of its subrogation interest (R.R. at 9a). Further, all claims against defendants Morris and Young in the other lawsuit would be released.

Appellant, McDaniel's employer, filed a petition to intervene[2] in the two civil actions in order to oppose the proposed settlement, on the theory that appellant, and not it's carrier, SWIF, is in fact the subrogated party. Appellant acknowledges that an employer ordinarily does not have standing to intervene in an action involving its employee and the employer's insurance carrier. However, appellant argues that due to the nature of its retrospective premium policy with SWIF, it has a "legally enforceable interest" which gives it the right to intervene under 77 P.S. § 671, Subrogation of employer to rights of employee or dependents against third persons.[3] Appellant alleges that its legal-

**2.** Pennsylvania Rule of Civil Procedure 2327 states:
   At any time during the pendency of an action a person not a party thereto shall be permitted to intervene therein, subject to these rules if …
   (4) the determination of such action may affect, *any legally enforceable interest* of such person whether or not he may be bound by a judgment in the action. (Emphasis added.)

**3.** Section 671 provides, in relevant part:
   Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe … against such third party to the

ly enforceable interest arises out of an obligation to reimburse its carrier "dollar-for-dollar to the extent of benefits paid by SWIF to any injured workman."[4] Appellant's brief at 4. In other words, appellant argues, every dollar paid out to McDaniel ultimately must come from it, and not SWIF.

First, we note that no testimony was taken in this matter. The only facts of record before this Court are contained in the affidavit of F.N. Carducci, Secretary–Treasurer of appellant corporation, in support of the petition to intervene.

■ Second, before we reach the merits of appellant's argument, we must address Rexnord's claim that the orders appealed from are interlocutory and thus, unappealable. This Court noted in *Maginley v. Robert J. Elliott, Inc.*, 345 Pa.Super. 582, 498 A.2d 977 (1985) (plurality opinion by Popovich, J.):

> Albeit, in general, an appeal from an order refusing a petition to intervene is considered interlocutory, our courts have recognized that in those instances where the practical consequence of the order is to deny the petitioner relief to which he is entitled and which he can secure in no other way, the order has been held to be appealable.

*Id.*, 345 Pa.Superior Ct. at 584, 498 A.2d at 979 (citation omitted). We agree with appellant that under the circumstances of this case, it would be denied relief, as a practical consequence, if it were not permitted to intervene.

■ Addressing the merits, however, we find no authority to support appellant's position that it should be permitted to intervene in this action between the employee and the employer's carrier. Ordinarily, when a prospective insured enters into a contract for insurance coverage, the insured gives up its right to subrogation in favor of the insurer. Therefore, any claim which appellant may have against SWIF is a matter between the employer and the carrier, to

> extent of the compensation payable under this article by the employer....

4. Rexnord argues that appellant is protected by a maximum premium cap. Appellee's brief at 8.

be determined according to the terms of their policy and the general principles of law of this Commonwealth governing the relationship between an insured and its carrier. Such a dispute should not impinge upon the settlement between McDaniel and Rexnord. As this Court recently reiterated, "[b]y asserting a right under the policy to handle all claims, including a right to make a binding settlement, the insurer assumes a fiduciary position toward the insured and becomes liable to act in good faith and with due care in representing the interests of the insured." *Hall v. Brown*, 363 Pa.Super. 415, 420, 526 A.2d 413, 415 (1987). If appellant believes that SWIF has breached its fiduciary duty to appellant, then it must proceed against SWIF in a separate action.

In sum, whether or not appellant in this case has a legitimate claim against SWIF, we find no authority which would confer upon appellant standing to oppose the settlement between its employee and the defendant tort-feasor.

Order affirmed.