555 A.2d 162

**Jacob VAN DEN HEUVAL**

v.

**Theodore H. WALLACE.**

**Appeal of ROCKWOOD INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1988.

Filed March 6, 1989.

William F. Thomson, Jr., Morrisville, for appellant.

C. Richard Morton, West Chester, for appellee Wallace.

Before WIEAND, McEWEN and MELINSON, JJ.

WIEAND, Judge:

The issue in this appeal concerns the right of a workmen's compensation insurance carrier, who paid benefits in accordance with the Workmen's Compensation Law of Delaware, to intervene in an employee's third party tort action in Pennsylvania. The trial court held that the carrier had no right of subrogation, even though such a right was expressly granted by Delaware law, and denied the carrier's petition to intervene. For the reasons hereinafter set forth, we reverse.

Jacob Van Den Heuval, a resident of Maryland, was employed by Breeding & Day, Inc., a Delaware corporation having offices in Wilmington, Delaware. On October 26, 1984, while driving his employer's vehicle in the course of his employment, Van Den Heuval was involved in a collision with a vehicle being operated by Theodore H. Wallace in Chester County, Pennsylvania. Because of serious and disabling injuries sustained in the accident, Van Den Heuval was paid workmen's compensation benefits by his employ-

er's workmen's compensation insurance carrier, Rockwood Insurance Company (Rockwood) in accordance with the Workmen's Compensation Law of Delaware.[1]

Van Den Heuval subsequently commenced a tort action against the driver of the other vehicle in Chester County, Pennsylvania. Rockwood filed a petition to intervene in this action for the purpose of protecting the right of subrogation which was guaranteed by statute in Delaware. The trial court denied the petition. It held that, pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1720, there was no right of subrogation for workmen's compensation benefits paid as a result of injuries sustained in a vehicular accident. This appeal followed.

■ Although an order denying a petition to intervene is generally deemed interlocutory, where the practical effect of such an order is the denial of relief to which an intervenor is entitled and which he can obtain in no other way, the order is appealable. See: *Maginley v. Robert J. Elliott, Inc.,* 345 Pa.Super. 582, 498 A.2d 977 (1985); *Boise Cascade Corp. v. East Stroudsburg Savings Association,* 300 Pa. Super. 279, 446 A.2d 614 (1982).

■ This is such a case. For reasons which we will discuss, Rockwood is entitled to be subrogated in Van Den Heuval's third party action to the extent of workmen's compensation benefits which it paid to the employee of its insured. It is unrealistic to suggest that Rockwood's interest can be protected by a subsequent action against Van Den Heuval. If the third party action is settled without notice to Rockwood, its subrogation claim is at the mercy of the employee who, having received payment, can dispose of the settlement proceeds as he chooses. The order of the trial court which denied intervention, therefore, has the practical effect of denying relief to Rockwood, which cannot fully protect its subrogation interest in any other way. We

---

1. According to the averments of the petition to intervene, Rockwood paid medical expenses in the amount of $30,100.00 and wage losses in the amount of $31,000.00 and was continuing to make payments on account of lost wages.

conclude, therefore, that the order denying intervention in this case is an appealable order.

■ Rockwood's right of subrogation is guaranteed by Delaware statute. The laws of the State of Delaware are controlling because Delaware is the state which has the most significant contacts with the workmen's compensation aspects of this matter. See: *Myers v. Commercial Union Assurance Co.*, 319 Pa.Super. 21, 465 A.2d 1032 (1983), *allocatur denied.* See also: *Griffith v. United Airlines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964). Compare: *Nationwide Insurance Co. of Delaware v. Enderle*, 369 Pa.Super. 44, 534 A.2d 1071 (1987). Van Den Heuval, as we have observed, was a resident of Maryland and was employed by a corporation doing business in Delaware. He was injured while temporarily present in Pennsylvania, where he was operating a vehicle owned by his employer in the course of his employment. A policy of workmen's compensation insurance had been issued by Rockwood to Van Den Heuval's Delaware employer, and Rockwood paid compensation benefits in accordance with the Workmen's Compensation Law of the State of Delaware.[2] It seems readily apparent, therefore, that it is Delaware and not Pennsylvania which has the more significant contacts with the workmen's compensation aspects of this matter. Van Den Heuval, a resident of Maryland, was present in Pennsylvania only temporarily, and his third party action was brought in Pennsylvania in order to obtain jurisdiction over Wallace, the other driver, who was a resident of Pennsylvania.[3] The workmen's compensation rights and obligations of Rockwood, however, must be determined according to the laws of the State of Delaware. See: *Myers v. Commercial Union Assurance Co., supra.* See also: *Goodemote v. Mushroom Transportation Co.*, 427 F.2d 285 (3rd Cir.

2. The workmen's compensation claim was settled by an agreement which specifically required that compensation be paid "in accordance with the Workmen's Compensation Law of the State of Delaware."

3. Wallace was a volunteer fireman who was responding to an emergency call.

1970); *Colombo v. Republic Steel Corp.,* 448 F.Supp. 833 (W.D.Pa.1978).

■ Pursuant to 19 Del.Code Ann. § 2363(e), any recovery received by the plaintiff-employee against the third party, after deducting the expenses of recovery, must first be used to reimburse the workmen's compensation carrier for amounts paid or payable under the Delaware Workmen's Compensation Law. The balance of the third party recovery is to be paid to the employee and must be treated as an advance payment by the insurance carrier on account of any future payment of compensation benefits. See: *Delaware v. Donahue,* 472 A.2d 824, 826 (Del.Super.1983). Rockwood's right of subrogation, therefore, is unequivocal. When the trial court held that Rockwood had no such interest, it erred.

■ Pa.R.C.P. 2327 provides that intervention "shall be permitted" if "(3) [the party petitioning to intervene] could have joined as an original party ... or (4) the determination of [the] action may affect any legally enforceable interest of [the person seeking to intervene] whether or not he may be bound by a judgment in the action." Under this rule, an insurance carrier who has paid workmen's compensation benefits may intervene in an employee's third party action in order to protect and preserve the carrier's right of subrogation. See: *Scalise v. F.M. Venzie Co.,* 301 Pa. 315, 320, 152 A. 90, 92 (1930). See also: *Maginley v. Robert J. Elliott, Inc., supra* 345 Pa.Super. at 588–595, 498 A.2d at 980–984 (Concurring and Dissenting Opinion by Wieand, J.). When the trial court refused in the instant case to allow intervention by the carrier to protect its subrogation rights, the court committed an abuse of discretion.

Reversed and remanded with instructions to allow the requested intervention. Jurisdiction is not retained.

McEWEN, J., files a dissenting opinion.

248

McEWEN, Judge, dissenting:

While my respect for the insight of the members of the majority cause me to be hesitant to differ, I am compelled to expression of the view that this appeal should be quashed.

Appellant concedes that as a general rule, an order denying a petition to intervene is an interlocutory order, not appealable as of right. *See: Scharnitzki v. Bienenfeld,* 368 Pa.Super. 610, 534 A.2d 825 (1987); *Ginter v. Nationwide Mutual Fire Insurance Co.,* 359 Pa.Super. 200, 202, 518 A.2d 850, 851 (1986); *Maginley v. Robert J. Elliott, Inc.,* 345 Pa.Super. 582, 584, 498 A.2d 977, 979 (1985); *M. London, Inc. v. Fedders Corp.,* 306 Pa.Super. 103, 106, 452 A.2d 236, 237 (1982); *Inryco Inc. v. Helmark Steel, Inc.* 305 Pa.Super. 239, 243–44, 451 A.2d 511, 512–13 (1982); *Boise Cascade Corporation v. East Stroudsburg Savings Assn.,* 300 Pa.Super. 279, 281, 446 A.2d 614, 615 (1982). Appellant contends, however, that in the instant case the order denying the petition to intervene is a final and appealable order since the order is "a practical denial of the relief to which the petitioner for intervention is entitled and *can obtain in no other way....*" *Scharnitzki v. Bienenfeld, supra* 368 Pa.Super. at 611, 534 A.2d at 825 *quoting Frey's Estate,* 237 Pa. 269, 271, 85 A. 147, 148 (1912) (emphasis supplied). If this allegation were true, this Court would have jurisdiction in this matter. *See: McDaniel v. Rexnord, Inc.,* 371 Pa.Super. 32, 35, 537 A.2d 365, 367 (1988).

The only evidence of record, however, pertaining to the finality of the order denying intervention, consists of the petition to intervene filed by appellant, the answer filed by appellee Wallace, and the answer filed by appellee Van Den Heuval. Appellant, in its petition to intervene alleged, *inter alia,* that (1) intervention was necessary in order to protect its statutory right of subrogation under the Delaware Workmen's Compensation Law; and (2) that the applicable policy of insurance had been issued prior to the effective date of the Pennsylvania Motor Vehicle Financial Responsibility Law, October 1, 1984, and that, therefore,

the action was controlled by the provisions of the Pennsylvania No–Fault Motor Vehicle Insurance Act,[1] under which subrogation is permitted. *See: Vespaziani v. Insana*, 501 Pa. 612, 462 A.2d 669 (1983).

Appellee Van Den Heuval, in his answer, denied that intervention was necessary to protect appellant's subrogation rights, alleging that "[i]f Rockwood Insurance Company has subrogation rights, they will be able to enforce those rights without intervention in this proceeding." Appellee Van Den Heuval and appellee Wallace both alleged in their answers to the petition to intervene that the No–Fault Act was inapplicable, appellee Van Den Heuval alleging that the applicable policy of insurance had been issued in Maryland.[2] Following the filing of the appellees' answers, appellant filed a petition for determination, without proceeding, pursuant to Pa.R.C.P. 209, to support the allegations of its petition. "Pa.R.C.P. 209 sets forth the manner of proceeding on petition and answer. Ordinarily, after the filing and service of an answer, the petitioner would proceed within 15 days to take depositions or move the case for argument on petition and answer.... if the case is ordered for argument on petition and answer alone pursuant to Rule 209, 'all averments of fact responsive to the petition and properly pleaded in the answer should be deemed admitted for the purpose of the rule.' " *Schultz v. Erie Insurance Exchange* 505 Pa. 90, 94, 477 A.2d 471, 472 (1984).

"It is well settled that when a respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and convincing proof. *Philadelphia City Employees Federal*

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101 *et seq.*, repealed by the Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

2. While the trial court denied intervention on the grounds that the applicable policy of insurance had been issued pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, which prohibits subrogation, we are unable to ascertain the basis for this conclusion. The issue is, in any event, irrelevant, since the subrogation right of appellant is to be determined pursuant to Delaware law. *See: Myers v. Commercial Union Assurance Co.*, 506 Pa. 492, 495, 485 A.2d 1113, 1115 (1984).

*Credit Union v. Bryant,* 310 Pa.Super. 526, [529] 456 A.2d 1060, 1062 (1982); *Hutchings v. Trent,* 304 Pa.Super. 376, 380, 450 A.2d 729, 731 (1982); *Bell v. Jefferson Republican Club,* 304 Pa.Super. 157, 160, 450 A.2d 149, 151 (1982). Pa.R.C.P. 209 provides the procedure for establishing such proof. Pursuant to Rule 209, the petitioner must either take depositions on disputed factual issues or order the cause for argument on the petition and answer, thereby conceding the existence of all facts properly pleaded in the answer. Or, the respondent may, after fifteen days, in order to expedite the proceedings, obtain a rule to show cause why the petitioner should not take depositions or order the cause for argument on the petition and answer. *Triffin v. Thomas,* 316 Pa.Super. 273, [277] 462 A.2d 1346, 1348 (1983); *Philadelphia City Employees Federal Credit Union v. Bryant, supra* [310 Pa.Super.] at [530] 456 A.2d at 1063; *Bell v. Jefferson Republican Club, supra,* 304 Pa.Superior Ct. at 160, 450 A.2d at 151.

*Lazzarotti v. Juliano,* 322 Pa.Super. 129, 134, 469 A.2d 216, 218 (1983).

The sole argument raised on appeal in support of the assertion that the order denying intervention is a denial of the statutory relief [subrogation] [3] to which appellant is entitled and which can be obtained in no other way, is that any action by appellant against the alleged tortfeasor would be barred by the Pennsylvania two year statute of limitations applicable to personal injury actions. *See:* 42 Pa.C.S. § 5524(2). This argument is not well taken.

If appellee Van Den Heuval recovers a judgment in the the third party tort action, appellant may assert its subrogation rights against appellee Van Den Heuval, the statute of limitations as to personal injury actions being totally irrelevant to the subrogation action. *See and compare State v. Donahue, supra* (declaratory judgment action); *Myers v. Commercial Union Assurance Company,* 506 Pa. 492, 485

**3.** *See: Delaware v. Donahue,* 472 A.2d 824, 826 (Del.Super.Ct.1983); 19 Del.C. § 2363.

A.2d 1113 (1984) (declaratory judgment action); *Maginley v. Robert J. Elliott, Inc.,* 345 Pa.Super. 582, 587, 498 A.2d 977, 980 (1985) (plurality opinion) (Concurring & Dissenting Opinion of Del Sole, J.) ("First, had the employee recovered sums ... which represented subrogable compensation payments, the employer would not be barred from filing a claim against the employee to recoup its subrogation."). *See also:* 10 Del.C. § 8106.

I am simply not persuaded that to deny intervention "has the practical effect of denying relief to Rockwood, which cannot fully protect its subrogation interest in any other way". Rockwood failed to establish why it was unable in this case to rely upon the usual and traditional method of protecting its subrogation claim. Thus, appellant has failed to establish that the denial of the right to intervene in this action operates to deny the relief to which it is entitled and could "obtain in no other way". Thus it is that I would direct that the appeal be quashed.